JUNTA EXAMINADORA DE TECNÓLOGOS MÉDICOS, demandante y peticionaria, *v.* ANNERIS ELÍAS, NILKA ROSSELLÓ, MILAGROS PALERMO, JAIME GALARZA y MOISÉS PUJOLS, demandados y recurridos.

*Número:* CC-97-92      Resuelto: 26 de noviembre de 1997

484

*Carlos Lugo Fiol, Procurador General, Edda Serrano Blasini, Subprocuradora General,* y *Carmen A. Riera Cintrón, Procuradora General Auxiliar,* abogados de la parte peticionaria; *Jorge C. Pizarro* y *María Eugenia Castro Colón,* de *Totti & Rodríguez Díaz,* abogados de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

¿Tiene el Tribunal de Circuito de Apelaciones la facultad para revisar una resolución parcial o interlocutoria dictada por una agencia administrativa durante el trámite de un proceso de naturaleza cuasi judicial? ¿Es de carácter jurisdiccional el término de seis (6) meses que tiene una agencia administrativa para adjudicar una controversia, según lo dispuesto por la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico?

En el presente recurso, la Junta Examinadora de Tecnólogos Médicos solicita que revisemos la sentencia dictada por el Tribunal de Circuito de Apelaciones, Circuito Regional de Aguadilla y Mayagüez. Dicho foro revocó una resolución parcial de la Junta que denegó una moción de desestimación por falta de jurisdicción presentada por los aquí recurridos. Revocamos.

I

La Junta Examinadora de Tecnólogos Médicos (en adelante la Junta) presentó querellas contra Anneris Elías, Nilka Rosselló, Milagros Palermo, Jaime Galarza y Moisés Pujols, en las cuales se les imputó haber efectuado unos

procedimientos sin estar debidamente autorizados.([1]) En el procedimiento adjudicativo correspondiente, los querellados solicitaron la desestimación de los casos porque la Junta alegadamente incumplió con lo dispuesto en la Sec. 3.13(g) de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante la L.P.A.U.), 3 L.P.R.A. sec. 2163(g). Dicha sección dispone que todo caso sometido a un procedimiento adjudicativo deberá ser resuelto dentro de un término de seis (6) meses desde su presentación, salvo en circunstancias excepcionales. La Junta denegó esta moción.

Inconformes, los querellados acudieron al Tribunal de Circuito de Apelaciones mediante una solicitud de revisión. Inicialmente, dicho foro apelativo denegó el auto solicitado por entender que la determinación administrativa no era revisable por no tratarse de una resolución final a tenor con lo dispuesto en la Sec. 4.2 de la L.P.A.U., según enmendada, 3 L.P.R.A. sec. 2172. Sin embargo, en reconsideración, el Tribunal de Circuito de Apelaciones acogió la petición de los querellados y revocó la decisión de la Junta. Concluyó que la Junta carecía de jurisdicción para adjudicar las querellas porque había incumplido con el término de seis (6) meses que establece la L.P.A.U. para resolver un caso.

Por su parte, el Procurador General de Puerto Rico presentó el recurso de autos en el que solicita que revoquemos la decisión del Tribunal de Circuito de Apelaciones. Sostiene que el Tribunal de Circuito de Apelaciones "[e]rró ... al determinar que el término de seis (6) meses establecido por la Ley de Procedimiento Administrativo Uniforme para resolver la adjudicación en controversia es de carácter jurisdiccional". Petición de *certiorari*, pág. 6. En esencia,

---

([1]) Se presentó querella contra Amneris Elías y Nilka Rosselló por haber autorizado a personas que no son tecnólogos médicos a llevar a cabo funciones para las que sólo están autorizados legalmente aquéllos. Al resto de los querellados se les imputó llevar a cabo procedimientos que sólo pueden efectuar tecnólogos médicos debidamente licenciados.

nos solicita que dejemos en vigor la sentencia original-
mente dictada por el Tribunal de Circuito de Apelaciones
que denegó la solicitud de revisión porque la resolución
recurrida era parcial.

Como el recurso nos permite aclarar el ámbito de revi-
sión del Tribunal de Circuito de Apelaciones de las decisio-
nes de las agencias administrativas, expedimos el auto.

## II

El Art. 4.002(g) de la Ley de la Judicatura de
Puerto Rico de 1994 (4 L.P.R.A. sec. 22k(g)), según enmen-
dada el 25 de diciembre de 1995, concede competencia al
Tribunal de Circuito de Apelaciones para revisar las deci-
siones y órdenes de las agencias administrativas:

> El Tribunal de Circuito de Apelaciones conocerá en los si-
> guientes asuntos:
>
> .     .      .       .        .       .        .         .
>
> (g) Mediante auto de revisión, a ser expedido discrecional-
> mente, de las decisiones, reglamentos, órdenes y resoluciones
> de cualquier agencia administrativa, de acuerdo con los térmi-
> nos y condiciones establecidos por [la Ley Núm. 170 de 12 de
> agosto de 1988, según enmendada,] conocid[a] como la "Ley de
> Procedimiento Administrativo Uniforme del Estado Libre
> Asociado".

A su vez, la L.P.A.U. (Ley Núm. 170 de 12 de agosto de
1988 (3 L.P.R.A. sec. 2101 *et seq.*)), según enmendada, rige
y define el ámbito de la revisión judicial de las decisiones
de las agencias administrativas. Además, establece cuándo
procede la revisión y quién tiene la acción legitimada para
acudir a los tribunales. Sobre este extremo dispone, en lo
pertinente:

> Una parte adversamente afectada por una orden o resolución
> final de una agencia y que haya agotado todos los remedios
> provistos por la agencia o por el organismo administrativo ape-
> lativo correspondiente podrá presentar una solicitud de revi-
> sión ante el Tribunal de Circuito de Apelaciones, dentro del

término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la [sección 3.15 de esta Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico], cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. 3 L.P.R.A. sec. 2172.

Mediante esta disposición, el estatuto limitó la revisión a decisiones que cumplieran con dos (2) requisitos: (*a*) que fueran órdenes o resoluciones finales de la agencia, y (*b*) que la parte adversamente afectada haya agotado todos los remedios provistos por la agencia administrativa.[2]

La L.P.A.U. define el término "orden o resolución" de forma general[3] y define, en específico, dos (2) clases de órdenes o resoluciones: las parciales y las interlocutorias. No obstante, la L.P.A.U. no define el término "orden o resolución *final*".

La Sec. 1.3(g) de la L.P.A.U. especifica que una " '[o]rden o resolución parcial' significa la acción agencial que adjudique algún derecho u obligación que no ponga fin a la controversia total sino a un aspecto específico de la misma". 3 L.P.R.A. sec. 2102(g). También aclara que una resolución interlocutoria se refiere a "aquella acción de la agencia en un procedimiento adjudicativo que disponga de algún asunto procesal". 3 L.P.R.A. sec. 2102(h).

A pesar de que la L.P.A.U. no define el término "orden o resolución final", ésta contiene una descripción de lo que tiene que incluir una "orden o resolución final". Además, requiere incluir unas determinaciones de hecho y las

---

[2] Esta sección reproduce lo dispuesto en la Sec. 702 de la Ley federal de Procedimiento Administrativo Uniforme, 5 U.S.C. sec. 702.

[3] La Sec. 1.3(f) de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante la L.P.A.U.) define el término "orden o resolución" como "cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas excluyendo órdenes ejecutivas emitidas por el Gobernador". 3 L.P.R.A. sec. 2102(f).

conclusiones de derecho de la decisión y advertir del derecho a solicitar una reconsideración. 3 L.P.R.A. sec. 2164. De este lenguaje surge que el término "orden o resolución final" se refiere a las decisiones que ponen fin al caso ante la agencia y que tienen efectos sustanciales sobre las partes. Véase D. Fernández Quiñones, *Derecho Administrativo y la Ley de Procedimiento Administrativo Uniforme*, Colombia, Ed. Forum, 1993, pág. 479.

▮ Por ende, una "orden o resolución final" tiene que ser aquella que pone fin a los procedimientos en un foro determinado. Así concluimos en *Pueblo ex rel. R.S.R.*, 121 D.P.R. 293 (1988). Allí, al interpretar el trámite especial y las definiciones contenidas en la Ley de Menores de Puerto Rico, afirmamos que una "orden o resolución final" tiene las características de una sentencia en el procedimiento judicial porque "resuelv[e] finalmente la cuestión litigiosa y de la [misma] puede apelarse o solicitarse revisión". (Énfasis suprimido.) Íd., pág. 299. También aclaramos que para que una orden o resolución sea final tiene que resolver todas las controversias y no puede dejar pendiente una para ser decidida en el futuro.

▮ Finalmente, del historial legislativo de, L.P.A.U. también se desprende que la Asamblea Legislativa decidió limitar la revisión judicial a las órdenes finales de las agencias. El Informe Conjunto de las Comisiones de Gobierno Estatal, Asuntos Municipales y de lo Jurídico de 10 de abril de 1988 así lo expresa, luego de que se enmendara del P. de la S. 350 la disposición que permitía la revisión judicial de órdenes interlocutorias. Este historial también refleja que al enmendar esta disposición se quiso evitar que se interrumpiera injustificadamente el trámite administrativo. Al limitar la revisión a las órdenes y resoluciones finales la Asamblea Legislativa se aseguró de que la intervención judicial se realizara después de que concluyeran los trámites administrativos y se adjudicaran todas las controversias pendientes ante la agencia.

## III

Aunque la exigencia de que el Tribunal de Circuito de Apelaciones sólo podrá revisar aquellas órdenes o resoluciones finales de una agencia es distinguible de la doctrina de agotamiento de remedios, la literatura más ilustrada coincide en que su alcance es análogo. También están de acuerdo con que de ordinario tienen las mismas excepciones. 2 *Davis, Administrative Law Treatise* Sec. 15.11, pág. 406 (1958).

■ Ambas doctrinas permiten que los tribunales discrecionalmente se abstengan de revisar una actuación de una agencia gubernamental hasta tanto la agencia haya tenido la oportunidad de considerar todos los aspectos de la controversia y su decisión refleje la posición final de la persona o la junta que dirija la entidad estatal. Véanse: *Rivera v. E.L.A.*, 121 D.P.R. 582, 593 (1988); *E.L.A. v. 12,974 Metros Cuadrados*, 90 D.P.R. 506 (1964).

■ Sin embargo, la doctrina de agotamiento de remedios acepta que se puede preterir el cauce administrativo cuando "se muestre que: (1) la acción administrativa ha de causar un daño inminente material, sustancial, y no teórico o especulativo, en que el balance de conveniencias entre los daños que puedan ocasionarse y la norma en cuestión justifican una desviación de ésta; (2) el recurso administrativo constituye una gestión inútil, inefectiva y no ofrece proveer un remedio adecuado". *Rivera v. E.L.A.*, supra, pág. 596.

■ También se puede preterir el trámite administrativo cuando la agencia claramente no tiene jurisdicción y la posposición conlleva un daño irreparable al afectado, o cuando el asunto es estrictamente de derecho y no requiere unos conocimientos especiales de una agencia administrativa. *Vélez Ramírez v. Romero Barceló*, 112 D.P.R. 716, 723 (1982). La Sec. 4.3 de la L.P.A.U. reproduce

esta norma jurisprudencial y expresamente dispone que se "podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos ... cuando sea un caso claro de falta de jurisdicción de la agencia. 3 L.P.R.A. sec. 2173.

A tenor con esta disposición el tribunal puede prescindir del trámite administrativo cuando se impugne la jurisdicción del foro administrativo y de las alegaciones se desprende claramente que la agencia no tiene jurisdicción. Dicha doctrina parte de la premisa que si la agencia no tiene jurisdicción, su actuación es *ultra vires* y es innecesario agotar los remedios provistos. Además, cuando se trata de un caso claro de falta de jurisdicción, el asunto es enteramente de la competencia judicial:

> La doctrina acepta que cuando surge claramente que no hay jurisdicción, ningún beneficio se obtiene obligando al litigante a mantenerse en la agencia hasta culminar el proceso. No es entonces necesario consumir los remedios. Requerirlo en esas circunstancias sería una futilidad en términos de tiempo y dinero, porque finalmente el foro judicial, con toda probabilidad, invalidaría el proceso. Así, en la medida que la cuestión jurisdiccional es menos clara y disminuyen estos riesgos, es adecuado compeler a que se agoten dichos remedios. (Cita omitida.) *Vélez Ramírez v. Romero Barceló*, supra, pág. 725. Esta es la doctrina que también prevalece en la mayoría de las jurisdicciones estatales en Estados Unidos. Véanse: *Leedom v. Kyne*, 358 U.S. 184 (1958); *Ward v. Keenan*, 70 A.2d 77, 79 (1949); B. Schwartz, *Administrative Law*, 3ra ed., Boston, Ed. Little, Brown and Co., 1991, págs. 555–557.

Esta excepción también aplica al requisito de que sólo se revisarán las órdenes o resoluciones de las agencias administrativas. Si una agencia claramente no tiene jurisdicción para adjudicar un caso, su actuación es *ultra vires*. Sería injusto requerir que una parte tenga que litigar un caso en una agencia sin jurisdicción únicamente para cumplir con el requisito de finalidad.

De acuerdo con las normas antes expuestas, examinemos el recurso de autos.

## IV

En su recurso el Procurador General sostiene que el Tribunal de Circuito de Apelaciones erró al revisar a destiempo la resolución parcial de la Junta y al concluir que ésta no tenía jurisdicción para adjudicar las querellas ante su consideración. El foro apelativo concluyó que procedía la revisión judicial porque la resolución recurrida era "una decisión definitiva, porque adjudica una controversia y afecta adversamente a una parte con un efecto inmediato". Sentencia (en reconsideración) del Tribunal de Circuito de Apelaciones, pág. 5. Al así resolver aplicó erróneamente tanto la norma jurisprudencial como el ordenamiento administrativo dispuesto por la L.P.A.U.

Contrario a lo resuelto por el Tribunal de Circuito de Apelaciones, la orden de la Junta es claramente de naturaleza parcial porque dispone de un aspecto específico de las cuestiones ante su consideración y no pone fin a la controversia total de las querellas que se están ventilando en dicho foro administrativo. Al resolver la moción de desestimación, la Junta no ha resuelto con carácter de finalidad las querellas que tiene ante su consideración. La resolución recurrida conlleva que se continuará con los procedimientos administrativos y se ventilarán las querellas. Cuando los peticionarios recurrieron al Tribunal de Circuito de Apelaciones, no se había completado el trámite administrativo en la Junta. Por lo tanto, el Tribunal de Circuito de Apelaciones no tenía ante sí una determinación final de la agencia recurrida que fuese revisable mediante un recurso de revisión. Sin embargo, a tenor con la normativa antes expuesta, tenemos que examinar si se podía obviar este requisito por tratarse claramente de un asunto de carácter jurisdiccional.

## V

En su sentencia, el Tribunal de Circuito de Apelaciones concluyó que la Junta perdió jurisdicción sobre las querellas porque se tomó más de seis (6) meses en resolverlas. Su dictamen asume que la Sec. 3.13(g) de la L.P.A.U., *supra*, es de carácter jurisdiccional y que expirado dicho término la agencia automáticamente pierde jurisdicción sobre el caso.

Para examinar el recurso de autos de forma adecuada, resulta pertinente analizar en conjunto las Secs. 3.13(g) y 3.14 de la L.P.A.U., *supra*. La sección 3.13(g) dispone que:

> Todo caso sometido a un procedimiento adjudicativo ante una agencia deberá ser resuelto dentro de un término de seis (6) meses, desde su radicación, *salvo circunstancias excepcionales.* (Énfasis suplido.) 3 L.P.R.A. sec. 2163(g).

Por su parte, la sección 3.14 establece, en lo pertinente, que:

> Una orden o resolución final deberá ser emitida por escrito dentro de (90) días después de concluida la vista o después de la radicación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada. 3 L.P.R.A. sec. 2164.

La lectura de las referidas disposiciones de la L.P.A.U. posibilita concluir que el término de seis (6) meses para resolver un caso no es jurisdiccional. Se considera que la agencia administrativa ha resuelto un caso cuando ha emitido una decisión final. Si el término para que la agencia emita su decisión final puede ser extendido con el consentimiento de las partes o por causa justificada, a fortiori el término de seis (6) meses para resolver un caso puede ser prorrogado. Cuando los términos pueden ser prorrogados, su mandato tiene que ser considerado como directivo,

ya que los términos jurisdiccionales no son prorrogables. Véase *Aponte v. Policía de P.R.*, 142 D.P.R. 75 (1996).

En suma, en ambos supuestos, los términos dispuestos tienen que ser interpretados como directivos y no jurisdiccionales. No obstante, la ampliación de ambos términos ocurre sólo en circunstancias excepcionales o por renuncia de las partes. Fernández, *op. cit.*, págs. 186–187.

Determinar que el término para resolver un procedimiento adjudicativo es jurisdiccional implicaría añadir al estatuto elementos que no contiene y que el Legislador no contempló al momento de aprobar la ley. No obstante, estamos conscientes de que con esta disposición el Legislador quiso imponer a las agencias la obligación de resolver todo caso sometido al procedimiento adjudicativo dentro de un término de seis (6) meses. Una lectura integral de la L.P.A.U. revela que dicha obligación es esencialmente de cumplimiento estricto. De esta manera, la Asamblea Legislativa atendió los problemas de la dilación excesiva en la adjudicación de casos que tanto afecta los procedimientos de muchas agencias. Para asegurar que las agencias cumplan con la letra de la ley, el remedio judicial que tiene disponible una parte cuando una agencia no resuelve un caso dentro del término establecido por la L.P.A.U. es la presentación de un *mandamus* en el Tribunal de Circuito de Apelaciones.[4] Este recurso se utiliza para obligar a cualquier persona, corporación, junta o tribunal a cumplir con un deber ministerial cuando no se cuenta con otro remedio legal para exigir su cumplimiento.

En dicho recurso, la parte afectada por el incumplimiento con la Sec. 3.13(g) o con la Sec. 3.14 de la L.P.A.U., *supra*, debe solicitar que se le ordene a la agencia que resuelva el caso sometido. El Tribunal de Circuito de Apela-

---

[4] Esto es sin menoscabo de que transcurridos los seis (6) meses en los que una agencia administrativa debe adjudicar una controversia ante su consideración, una parte puede solicitarle al foro administrativo que desestime el caso alegando que no existe el consentimiento de las partes ni causa justificada para que la agencia se exceda de dicho término.

ciones tiene que atender este recurso con carácter prioritario y resolverlo rápidamente.

Aunque en el caso de autos el Tribunal de Circuito de Apelaciones tenía jurisdicción original para dictar un auto de *mandamus*, del expediente se desprende que existen "las circunstancias excepcionales" para justificar la extensión del término de seis (6) meses. Contrario a lo resuelto por el Tribunal de Circuito de Apelaciones, la Junta no se cruzó los brazos en este caso. Desde que se presentaron las querellas contra los recurridos, la Junta estuvo en contacto con sus abogados tratando de llegar a un acuerdo. Confiamos en que una vez se devuelva el caso al foro administrativo, la Junta adjudicará las querellas con prontitud.

Por los fundamentos antes expuestos, *se revoca la sentencia del Tribunal de Circuito de Apelaciones y se devuelve el caso al foro administrativo para que se continúen los procedimientos.*

*Se dictará la sentencia correspondiente.*