COMISIONADO DE SEGUROS DE PUERTO RICO, recurrido, *v.* UNIVERSAL INSURANCE COMPANY, INC., peticionaria.

Número: CC-2004-127          Resuelto: 1 de febrero de 2006

22

*Antonio J. Ramírez Aponte* y *Francisco J. Domenech*, abogados de la parte peticionaria; *Noel S. González Miranda* y *Noel E. González Abella*, abogados de la parte recurrida.

PER CURIAM: En este recurso se solicita de este Tribunal la revocación de una resolución emitida por el Tribunal de Apelaciones, mediante la cual éste se declaró sin jurisdicción para revisar una resolución sumaria parcial dictada por la Oficina del Comisionado de Seguros de Puerto Rico. El Tribunal de Apelaciones determinó que la resolución recurrida no es final, por lo que, según la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico y nuestra jurisprudencia, no adquirió jurisdicción para entrar en los méritos del caso.

I

El 8 de mayo de 2002 el Comisionado de Seguros de Puerto Rico (Comisionado) emitió una orden en la cual le imputó a Universal Insurance Company, Inc. (Universal) haber violado los Arts. 12.130, 27.090(1) y (2), y 27.160(2) y (3) del Código de Seguros de Puerto Rico.[1] Le imputó haber concedido rebajas en primas no autorizadas en treinta y cuatro pólizas de seguro de propiedad sobre condominios entre enero de 1996 y junio de 2001, ascendentes a ciento dos mil doscientos noventa y cinco dólares. También le atribuyó la conducta impropia de haber cobrado primas en exceso de la prima autorizada en veintisiete pólizas, por la suma total de ciento cincuenta y siete mil trescientos cuarenta y nueve dólares. El Comisionado ordenó a Universal a cesar y desistir de las prácticas de conceder rebajas en primas no autorizadas y de cobrar primas en exceso al suscribir pólizas de seguros. También, le impuso a Universal la multa administrativa que debía pagar por tal conducta impropia.

---

[1] 26 L.P.R.A. secs. 1213, 2709(1) y (2), y 2716(2) y (3).

Ante dicha orden, el 28 de mayo de 2002, en virtud del Art. 2.220 del Código de Seguros de Puerto Rico,[2] Universal solicitó la celebración de una vista administrativa. En dicha solicitud, negó haber violado los artículos señalados del Código de Seguros y adujo que las sanciones administrativas impuestas eran improcedentes, porque durante el período comprendido por la orden, el propio Comisionado había suspendido el requisito de presentación de tarifas para los seguros de propiedad sobre los condominios, por lo cual dicha industria se encontraba desreglamentada.[3]

Habiendo comenzado el descubrimiento de prueba y ya señalada la vista administrativa solicitada por Universal, el 13 de septiembre de 2002 el Comisionado presentó una moción para que se dictara una resolución parcial sumaria. Señaló los hechos que no estaban en controversia y aquellos sobre los cuales el Oficial Examinador podía tomar conocimiento oficial. Solicitó al Oficial Examinador que dictaminara, mediante resolución parcial sumaria, que Universal había violado el Código de Seguros de Puerto Rico al cobrar primas en pólizas de seguro de propiedad de condominios que no se ajustan a los tipos o tarifas inscritos.[4]

El 3 de octubre de 2002, Universal presentó su oposición a la moción para que se dictara resolución sumaria parcial y se sostuvo en dos argumentos principales. Primero, que el Oficial Examinador no podía tomar conocimiento oficial sobre los hechos que podrían ser necesarios para adjudicar la controversia central del caso. Segundo, que no podía adjudicarse sumariamente el caso sin permitir que se completara el procedimiento de descubrimiento de prueba solicitado por Universal, pues sería contrario al debido proceso de ley, ya que el Comisionado no había contestado

---

[2] 26 L.P.R.A. sec. 222.

[3] Apéndice de la Petición de *certiorari*, pág. 54.

[4] Íd., pág. 68.

el pliego de interrogatorios y requerimiento de producción de documentos que Universal le había notificado.[5]

El 23 de octubre de 2002, el Comisionado notificó a Universal su contestación al primer pliego de interrogatorios y requerimiento de producción de documentos. Luego, presentó una réplica a la moción de oposición de Universal, quien a su vez presentó su dúplica.

Así las cosas, el 24 de enero de 2003 el Oficial Examinador dictó la resolución sumaria parcial solicitada por el Comisionado. Resolvió lo siguiente:

> ... Universal Insurance Company incurrió en violación de los Artículos 12.130, 27.090(1) y (2) y 27.160(2) y (3) del Código de Seguros de Puerto Rico, 26 L.P.R.A. secs. 1213, 2709(1) y (2) y 2716(2) y (3), al suscribir, durante el período investigado por la OCS [Oficina del Comisionado de Seguros], contratos de seguros de propiedad para condominios, por los cuales cobró primas que no se ajustaban a los tipos inscritos aprobados aplicables a tales contratos.
>
> Se confirma la orden de cese y desista que forma parte de la Orden de 8 de mayo de 2002.
>
> Resuelto el aspecto específico en torno al incumplimiento por parte de Universal Insurance Company con los Artículos 12.130, 27.090(1) y (2) y 27.160(2) y (3) del Código de Seguros de Puerto Rico, supra, resta por determinar el importe de la multa administrativa que deba imponerse y el importe que deba rembolsarse por las primas que fueron cobradas en exceso, a base de los contratos de seguros de propiedad para condominios que fueron suscritos por Universal Insurance Company durante el periodo investigado, y por los cuales cobró primas que no se ajustaban a los tipos inscritos aprobados. A tales efectos, las partes de epígrafe deberán reunirse en o antes del 28 de febrero de 2003, con el fin de simplificar al máximo los restantes asuntos en controversia. Llevada a cabo dicha reunión, las partes deberán presentar en o antes del 1 de abril de 2003, un informe conjunto con el fin de recomendar fechas para la celebración de una vista administrativa, e indicar las cuestiones a dilucidarse el día de la vista, especificando sus respectivas contenciones sobre los asuntos restantes en

---

[5] Íd., págs. 78–85 y 423–424.

controversia, de forma tal que se facilite la conducción y dis-
posición final del caso.(⁶)

Universal solicitó la reconsideración de la resolución
dictada y ésta fue declarada "sin lugar". Inconforme con la
resolución sumaria parcial emitida por el Oficial Examina-
dor, presentó un recurso de revisión administrativa ante el
Tribunal de Apelaciones. Señaló, en síntesis, que el Oficial
Examinador erró al tomar conocimiento oficial de hechos
no sustentados por declaraciones juradas o prueba docu-
mental y dictar resolución parcial sumaria basada en esos
hechos. Sostuvo que erró al resolver sumariamente, sin la
oportunidad de realizar el descubrimiento de prueba ade-
cuado, que no existía controversia sobre el hecho de lo ale-
gado por el Comisionado, sobre la no suspensión del requi-
sito de presentación de tarifas, aun cuando Universal
sometió evidencia de que éste, intencionalmente, incurrió
en conducta dirigida a inducir a las compañías de seguros
a pensar que las líneas de seguros comerciales que inclu-
yen los de propiedad sobre condominios estaban
desreglamentados.(⁷)

Mediante Resolución de 19 de diciembre de 2003, el Tri-
bunal de Apelaciones desestimó el recurso por carecer de
jurisdicción. Determinó que la resolución recurrida no es
final y que, por lo tanto, no es susceptible de revisión, pues
la Sec. 4.2 de la Ley de Procedimiento Administrativo Uni-
forme del Estado Libre Asociado de Puerto Rico(⁸)
(L.P.A.U.) señala que la revisión judicial de determinacio-
nes administrativas está limitada a las órdenes finales de
las agencias.(⁹) Además, señaló que surge de la propia re-
solución parcial emitida por el Oficial Examinador, que
aún quedan procedimientos pendientes en el ámbito admi-
nistrativo, incluyendo una vista antes de la disposición fi-

---

(⁶) Íd., pág. 351.

(⁷) Íd., págs. 15–16.

(⁸) Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2172).

(⁹) Apéndice de la Petición de *certiorari*, pág. 428.

nal del caso, por lo que éste continúa y la resolución recurrida no es final.

Inconforme, el 20 de febrero de 2004, Universal presentó ante nosotros una petición de *certiorari*. Señaló como error lo siguiente:

> *Erró el Tribunal de Apelaciones al determinar que la Resolución Sumaria no constituye una "orden, o resolución final", por lo cual carecía de jurisdicción para entender de la solicitud de revisión presentada por Universal.*[10] (Énfasis suplido.)

La parte peticionaria arguye que la resolución sumaria recurrida es final y revisable, ya que "contiene la posición definitiva del Comisionado en cuanto a las controversias planteadas ante la agencia, y adjudica y determina de manera final y definitiva los derechos y las obligaciones de Universal".[11] Además, alegó, que la resolución sumaria es final porque tiene un impacto inmediato sobre los derechos y obligaciones de Universal y le requiere que actúe inmediatamente.[12]

El Comisionado sostiene que la resolución recurrida es interlocutoria, no final, y que, por lo tanto, no es revisable por el Tribunal de Apelaciones conforme al Art. 4.2 de la L.P.A.U, *supra*. Alega que no es final porque todavía está pendiente ante la agencia establecer los montos de las multas y las devoluciones que Universal, el asegurador, tiene que pagar a tenor con lo ordenado. Además, añade que aunque lo que resta es la determinación de la multa y la cantidad a devolver, podrían surgir controversias en torno a dichos montos en concepto de multa y devolución de primas, por lo que el proceso ante la agencia no ha culminado y el dictamen sumario recurrido es interlocutorio, no final.

Contando con la comparecencia de ambas partes, nos encontramos en posición de resolver.

---

[10] Petición de *certiorari*, pág. 13.

[11] Íd.

[12] Alegato de la parte peticionaria, presentado el 10 de junio de 2004, pág. 20.

## II

La L.P.A.U. establece un procedimiento uniforme para la revisión judicial de órdenes y resoluciones dictadas por las agencias administrativas de Puerto Rico. Por virtud de dicha ley, una parte que haya sido afectada adversamente por una *orden o resolución final* de una agencia y que haya agotado todos los remedios administrativos disponibles, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones dentro de un término de treinta días contados a partir de la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia.[13]

La Sec. 1.3 de la L.P.A.U. dispone que una orden o resolución "significa cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas, excluyendo órdenes ejecutivas emitidas por el Gobernador".[14] De igual forma, dicho estatuto especifica que una orden o resolución parcial constituye aquella "acción agencial que adjudique algún derecho u obligación que no ponga fin a la controversia total sino a un aspecto específico de la misma".[15] También define *orden interlocutoria* como aquella "acción de la agencia en un procedimiento adjudicativo que disponga de algún asunto meramente procesal".[16]

La Asamblea Legislativa limitó la revisión judicial exclusivamente a las órdenes finales de las agencias. Al así hacerlo, se aseguró que la intervención judicial se realizara después de que concluyeran los trámites administrativos y se adjudicaran *todas* las controversias pen-

---

[13] 3 L.P.R.A. sec. 2172.

[14] 3 L.P.R.A. sec. 2102.

[15] Íd.

[16] Íd.

dientes ante la agencia. La intención legislativa consistió en evitar una intromisión indebida y a destiempo en el trámite administrativo por parte de los tribunales.[17] Por estos motivos dispuso lo siguiente, respecto a una orden o resolución interlocutoria:

> Una orden o resolución interlocutoria de una agencia no es revisable directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.
>
> .        .        .        .        .        .        .        .
>
> Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente.[18]

Las definiciones anteriormente mencionadas no delimitan expresamente lo que constituye una orden o resolución final. No obstante, hemos expresado que *una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia; les pone fin, sin dejar pendiente una para ser decidida en el futuro.*[19] Hemos intimado, además, que una orden o resolución final tiene las características de una sentencia en un procedimiento judicial, porque resuelve finalmente la cuestión litigiosa y permite su apelación o solicitarse su revisión.[20] Es decir, una orden o resolución final de una agencia administrativa es aquella que dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes. Se trata, asimismo, de la resolución que culmina en *forma final* el procedimiento administrativo

---

[17] P. del S. 254 de 26 de diciembre de 1997, 1ra Sesión Extraordinaria, 13ra Asamblea Legislativa, págs. 957–958.

[18] 3 L.P.R.A. sec. 2172.

[19] *A.R.Pe. v. Coordinadora*, 165 D.P.R. 850 (2005); *Tosado v. A.E.E.*, 165 D.P.R. 377 (2005); *J. Exam. Tec. Méd. v. Elías et al.*, 144 D.P.R. 483 (1997).

[20] *J. Exam. Tec. Méd. v. Elías et al.*, supra; *Pueblo ex rel. R.S.R.*, 121 D.P.R. 293 (1988).

respecto a *todas las controversias*.([21]) Ello, a su vez, hace ejecutable entre las partes la decisión administrativa y, por ende, susceptible de revisión judicial.

El Tribunal Supremo de Estados Unidos, en *Bennett v. Spear*, 520 U.S. 154 (1997), expresó dos condiciones que tienen que ser satisfechas para que una decisión administrativa pueda ser considerada final. Primero, la actuación de la agencia debe representar la culminación de su proceso decisorio, y segundo, en la actuación administrativa se deben determinar todos los derechos y las obligaciones de las partes o deben surgir consecuencias legales.([22])

■ No obstante, aunque es necesario que la orden o resolución sea final para que sea susceptible de revisión por parte del Tribunal de Apelaciones, en el caso *J. Exam. Tec. Méd. v. Elías et al.*, 144 D.P.R. 483 (1997), expresamos que una situación clara de falta de jurisdicción de la agencia es una excepción a la norma de que sólo serán revisables ante el Tribunal de Apelaciones las resoluciones finales de una agencia administrativa. Comenta el tratadista Demetrio Fernández sobre la referida normativa jurisprudencial, lo siguiente:

> Es innecesario e injusto requerirle a una parte que litigue si el organismo administrativo carece de jurisdicción con el solo fin de que se cumpla con el requisito de finalidad.([23])

■ En *Procuradora Paciente v. MCS*, 163 D.P.R. 21 (2004), reiteramos la doctrina de que un caso claro de falta de jurisdicción de una agencia administrativa constituye una excepción a la norma de la finalidad. No obstante, es preciso aclarar que "no toda alegación de ausencia de ju-

---

([21]) *J. Exam. Tec. Méd. v. Elías et al.*, supra.

([22]) *Bennett v. Spear*, 520 U.S. 154 (1997), citado en R.J. Pierce, *Administrative Law Treatise*, 4ta ed., Nueva York, Ed. Aspen Law and Business, 2002, Vol. II, pág. 1037.

([23]) D. Fernández, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, 2da ed., Colombia, Ed. Forum, 2001, págs. 474–475; *J. Exam. Tec. Méd. v. Elías et al.*, supra, pág. 492.

risdicción va a tener el efecto de liberar a la parte de culminar sus gestiones en la agencia"[24] ni implicará una aplicación automática de la excepción. Sólo en aquellos casos en los que la agencia administrativa carece realmente de jurisdicción, el proceso administrativo se convierte en final por no quedar asuntos o controversias pendientes de dilucidar por la agencia; sólo entonces sería revisable por el Tribunal de Apelaciones.

## III

En el caso ante nos, el Oficial Examinador de la Oficina del Comisionado de Seguros emitió una resolución sumaria parcial, de la cual Universal solicitó revisión al Tribunal de Apelaciones. Dicho foro apelativo se declaró sin jurisdicción para atender tal solicitud, pues la resolución recurrida no era final y, por ende, no revisable según la L.P.A.U. Concluimos que es correcta la determinación del Tribunal de Apelaciones. Veamos.

El peticionario alega, amparándose en el caso *Bell v. New Jersey*, 461 U.S. 773 (1983), que la resolución sumaria emitida es final porque contiene la posición definitiva del Comisionado en cuanto a las controversias planteadas ante la agencia, además de que adjudica y determina de manera final y definitiva los derechos y las obligaciones de Universal, emanando así consecuencias legales.[25] No le asiste razón. Si bien es cierto que el Oficial Examinador determinó que Universal incurrió en violación de varios artículos del Código de Seguros de Puerto Rico, controversia central del caso —mas no la única— aún quedan asuntos importantes por dilucidar. Entiéndase que no estamos resolviendo si la determinación del Oficial Examinador es o no correcta. Entre los asuntos por dilucidar, los cuales tam-

---

[24] *Colón Ventura v. Méndez*, 130 D.P.R. 433, 444 (1992).

[25] Alegato de la parte peticionaria de 10 de junio de 2004, pág. 19.

bién podrían levantar controversias futuras, se encuentran determinar el importe de la multa administrativa que deba imponerse y el importe que debe rembolsarse en concepto de las primas cobradas en exceso y de las primas cobradas que no se ajustaron a los tipos aprobados. Por este motivo, no se ha adjudicado de manera final todos los derechos y las obligaciones de las partes. La agencia no ha finalizado el proceso ante sí. Hizo una determinación mediante la cual ordena a Universal a cesar y a desistir de cierta conducta que el Oficial Examinador consideró contraria al Código de Seguros. No obstante, debemos permitir que se celebre la vista administrativa pendiente y que la Oficina del Comisionado de Seguros emita su decisión final, donde adjudique *todos* los derechos y las obligaciones de las partes. Por lo cual, no siendo final la resolución recurrida, lo determinado por la agencia en ésta, no es ejecutable hasta que se adjudiquen *todos* los derechos y las obligaciones de las partes.

Por lo tanto, la resolución recurrida no cumple con los requisitos de finalidad establecidos en nuestra jurisprudencia. Esta es una *resolución parcial*, no final. No es final porque no culmina el proceso administrativo y deja controversias pendientes. Resolver lo contrario, es girar en contra de la intención legislativa de evitar la intervención judicial prematura e indebida en los procesos administrativos. Cuando concluya todo el proceso ante la Oficina del Comisionado de Seguros y se adjudiquen *todas* las controversias y los asuntos, cualquiera de las partes podrá solicitar su revisión al Tribunal de Apelaciones de estar inconforme con la decisión final de la agencia.

Concluimos que actuó correctamente el Tribunal de Apelaciones al declararse sin jurisdicción para revisar la resolución recurrida, pues era parcial y no final.

## IV

Por los fundamentos antes expuestos, *se confirma la determinación del Tribunal de Apelaciones y se devuelve el caso a la Oficina del Comisionado de Seguros para que continúe con los procedimientos pendientes.*

El Juez Asociado Señor Fuster Berlingeri y la Juez Asociada Señora Rodríguez Rodríguez concurrieron con el resultado sin opinión escrita. La Jueza Asociada Señora Fiol Matta se inhibió.