Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| KARIN J. ROBLES RAMOS (DRA. Y LCDA.)<br><br>Recurrente<br><br>v.<br><br>RECINTO DE RÍO PIEDRAS UNIVERSIDAD DE PUERTO RICO<br><br>Recurridos | KLRA202300640 | Revisión Judicial procedente de la Junta de Gobierno de la Universidad de Puerto Rico<br><br>Apelación Núm.: 90.1178<br>Caso Núm.: RP-A-2022-001<br><br>Sobre: Impugnación de reclutamiento docente la Escuela de Derecho |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 13 de diciembre de 2023.

### I.

El 13 de diciembre de 2023, la señora Karin J. Robles Ramos (señora Robles Ramos o recurrente) presentó una *Revisión de decisión administrativa* en la que nos solicitó, entre otras cosas, que dejáramos sin efecto una *Decisión de apelación de la Junta de Gobierno* emitida por la Junta de Gobierno (Junta de Gobierno) de la Universidad de Puerto Rico (UPR) el 17 de octubre de 2023.[1] En la determinación, la Junta de Gobierno concluyó que no tenía jurisdicción para atender directamente las decisiones emitidas por rectores de los recintos de la UPR, le ordenó a la recurrente agotar los remedios disponibles ante la Oficina del Presidente de la UPR y declaró No Ha Lugar todas las mociones presentadas por la recurrente ante la Junta de Gobierno.

---

[1] Notificada el 18 de octubre de 2023. Apéndice de la *Revisión de decisión administrativa,* Anejo 1, págs. 1-2.

Número Identificador
RES2023_____

Ese mismo día, la recurrente radicó una *Moción en auxilio de jurisdicción* en la que nos solicitó que atendiéramos con premura la controversia de derecho planteada por el recurso de *Revisión de decisión administrativa.*

De umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

## II.

El caso de marras tuvo su génesis el 10 de noviembre de 2021 cuando la señora Robles Ramos presentó una impugnación de varios nombramientos docentes realizados por la Escuela de Derecho ante la Rectoría del Recinto de Río Piedras de la UPR.[2]

Posteriormente, el 13 de julio de 2023, la señora Angélica Varela Llavona (rectora), rectora del Recinto de Río Piedras de la UPR, declaró No Ha Lugar el recurso de impugnación de la recurrente.[3]

El 14 de agosto de 2023, la señora Robles Ramos radicó una *Apelación Núm. 90.1178* ante la Oficina del Presidente de la UPR en la que solicitó la revisión del No Ha Lugar de la rectora.[4]

El 25 de agosto de 2023, la Oficina de Asuntos Legales de Administración Central (OALAC) comunicó que el señor Luis A. Ferrao Delgado, presidente de la UPR, se había inhibido del caso.[5]

---

[2] El anterior dato surge del tracto procesal detallado por el recurso de epígrafe en las págs. 2-3.
[3] Íd.
[4] Apéndice de la *Revisión de decisión administrativa,* Anejo 3, pág. 4.
[5] El anterior dato surge del tracto procesal detallado por el recurso de epígrafe en las págs. 2-3.

El 31 de agosto de 2023, la OALAC emitió una *Orden* en la que delegó la consideración del caso en la Lcda. Alondra Fraga Meléndez para que fungiera como oficial examinadora.

Inconforme con la decisión, la señora Robles Ramos cuestionó la determinación de delegar la consideración de su caso, planteando que la Junta de Gobierno debía ser el organismo que evaluara su caso en los méritos.

Trabada esa controversia y luego de varios trámites procesales, los cuales incluyeron la presentación de diversas mociones por parte de la recurrente, el 17 de octubre de 2023, la Junta de Gobierno emitió la *Decisión de apelación de la Junta de Gobierno* recurrida en la que declaró No Ha Lugar todas las mociones radicadas y le requirió a la señora Robles Ramos que agotara los remedios administrativos ante la Oficina del Presidente de la UPR, entre otras disposiciones.[6] A juicio de la Junta de Gobierno, ni la Ley de la Universidad de Puerto Rico, Ley Núm. 1 del 1966, según enmendada, 18 LPRA sec. 601, ni el Reglamento de Procedimientos Apelativos Administrativos de la Universidad de Puerto Rico, Certificación Núm. 35 (2018-2019) le conferían jurisdicción a la Junta de Gobierno para revisar directamente las decisiones emitidas por los rectores de los recintos de la UPR.

El 29 de octubre de 2023, la recurrente presentó una *Moción de reconsideración* ante la Junta de Gobierno, la cual no fue atendida por dicho ente dentro del término de quince (15) días dispuesto en ley.[7]

El 13 de diciembre de 2023, la señora Robles Ramos radicó la *Revisión de decisión administrativa* de epígrafe en la que planteó el siguiente señalamiento de error:

SI ANTE LA INCUESTIONABLE INHIBICIÓN DEL PRESIDENTE FERRAO DELGADO EL 25 DE AGOSTO DE

---

[6] Apéndice de la *Revisión de decisión administrativa,* Anejo 1, págs. 1-2.
[7] Íd., Anejo 4, págs. 8-27.

2023, ACTUANDO COMO FORO APELATIVO INTERMEDIO DEL SISTEMA UNIVERSITARIO, LA JURISDICCIÓN DEL CASO LE CORRESPONDE A LA JUNTA DE GOBIERNO COMO ÓRGANO APELATIVO, SEPARADO, SUPERIOR Y FINAL DEL PROCEDIMIENTO APELATIVO ADMINISTRATIVO DEL PERSONAL DOCENTE O SI ESA JURISDICCIÓN LA "HEREDAN AUTOMÁTICAMENTE" LOS SUBALTERNOS DEL PRESIDENTE Y LA PUEDEN HACER OPERATIVA CUALQUIERA DE ELLOS DESDE LA OFICINA DEL PRESIDENTE Y SUS DEPENDENCIAS, DE ACUERDO A LO DETERMINADO POR LA JUNTA, SIN PRESENTARNOS FUNDAMENTO JURÍDICO ALGUNO Y EN CLARA CONTRAPOSICIÓN A LA FINALIDAD DE LA FIGURA JURÍDICA DE LA INHIBICIÓN, LA JURISPRUDENCIA AL RESPECTO Y LA NORMATIVA VIGENTE.

Entre otras cosas, la recurrente solicitó que: (1) se deje sin efecto la *Decisión de apelación de la Junta de Gobierno* recurrida; (2) se le imponga a la Junta de Gobierno la obligación de asumir jurisdicción sobre el caso; (3) se declaren nulas las determinaciones de la OALAC; y (4) se ordene la reanudación del proceso apelativo ante dicho ente con la presentación de una contestación por la Rectoría de la UPR.

A continuación, pormenorizaremos las normas jurídicas atinentes a la revisión administrativas.

### III.

La Ley Núm. 201-2003, conocida como la "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003"*,* 4 LPRA sec. 24 *et seq.*, delimita la facultad revisora del Tribunal de Apelaciones. A esos fines, establece que este Tribunal podrá revisar las órdenes y resoluciones finales de las agencias y los organismos administrativos. 4 LPRA sec. 24y. Véase, además, ***ORIL v. El Farmer, Inc.***, 204 DPR 221, 238 (2020). Asimismo, la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 56, restringe nuestra jurisdicción revisora a **determinaciones administrativas finales**. A su vez, la Sección 4.1 de la Ley Núm. 38-2017, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (LPAU), 3 LPRA sec. 9671, limita la facultad de este Tribunal para entender en

solicitudes de revisión de órdenes o resoluciones finales de una agencia administrativa, luego de agotar los remedios administrativos correspondientes.

En ese sentido, la normativa jurídica es clara en cuanto a que, para solicitar la revisión judicial de una resolución u orden administrativa ante este Tribunal, la parte interesada debe recurrir de una resolución u orden <u>final</u>. Asimismo, el Art. 4.2 de la LPAU excluye de nuestra jurisdicción revisora los dictámenes interlocutorios, y citamos: "[u]na orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente". 3 LPRA sec. 9672.

Según definido en la LPAU, las órdenes o resoluciones finales deberán "incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso." 3 LPRA sec. 9654. Análogamente, el Tribunal Supremo resolvió en ***Comisionado Seguros v. Universal***, 167 DPR 21, 29 (2006) que "una orden o resolución final tiene las características de una sentencia en un procedimiento judicial, porque resuelve finalmente la cuestión litigiosa y permite su apelación o solicitarse su revisión".

En el caso ***ORIL v. El Farmer, Inc.,*** supra, págs. 238-240, el Tribunal Supremo reiteró lo dispuesto en el Art. 4.2 de la LPAU, *supra*, el cual establece que el Tribunal de Apelaciones solo podrá revisar órdenes y resoluciones <u>finales</u> de una agencia administrativa.[8] Expresó que, aunque esa disposición es distinta a la doctrina de agotamiento de remedios administrativos, ambas tenían un alcance análogo y, generalmente, gozaban de las mismas

---

[8] 3 LPRA sec. 9672.

excepciones. Señaló que ambas disposiciones permitían que los tribunales discrecionalmente se abstuviesen de revisar actuaciones de una agencia gubernamental hasta que ésta emitiera un dictamen final. No obstante, el Tribunal Supremo reconoció varios factores a considerar a favor de preterir la doctrina de agotamiento de remedios administrativos. Estos son:

> (1) cuando el dar curso a la acción administrativa haya de causar un daño inminente, material, sustancial y no teórico o especulativo;
> (2) cuando el remedio administrativo constituya una gestión inútil, inefectiva y que no ofrece un remedio adecuado;
> **(3) cuando la agencia claramente no tiene jurisdicción sobre el asunto y la posposición conllevaría un daño irreparable al afectado, o**
> (4) cuando el asunto es estrictamente de derecho. (Énfasis nuestro). Íd., pág. 240.

De estar presente alguno de estos factores, el foro revisor podrá preterir el trámite administrativo y atender el caso. Íd.

**IV.**

Tras un análisis objetivo, sereno y cuidadoso del caso de marras, en correcta práctica apelativa adjudicativa, resolvemos que carecemos de jurisdicción para revisar la determinación interlocutoria recurrida, en esta etapa de los procedimientos, toda vez que no se encuentra presente algún factor excepcional que nos permita ejercer nuestra función revisora y preterir la doctrina de agotamiento de remedios administrativos. No estamos ante la consideración de una determinación final de la UPR. Por ello, debido a que el asunto se encuentra pendiente ante la consideración del órgano administrativo, hemos determinado no intervenir con el proceso adjudicativo interno de la UPR. No obstante, una vez se emita la determinación final, cualquier parte involucrada podrá radicar un recurso de revisión administrativa ante esta Curia, de entenderlo necesario.

**V.**

Por las razones expuestas, se *desestima* el recurso de *Revisión de decisión administrativa*. En vista de nuestra determinación, la *Moción en auxilio de jurisdicción* se torna académica.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones