ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **JULIO A. CARABALLO RIVERA**<br><br>Recurrido<br><br>v.<br><br>**AUTORIDAD DE ENERGÍA ELÉCTRICA**<br><br>Recurrente | KLRA202400268 | **REVISIÓN** procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm: **2023-06-0883**<br><br>Sobre: Movilidad |
| **ÁNGEL M. MARTÍNEZ PÉREZ**<br><br>Recurrido<br><br>v.<br><br>**AUTORIDAD DE ENERGÍA ELÉCTRICA**<br><br>Recurrente | KLRA202400269 | **REVISIÓN** procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm: **2023-06-0875**<br><br>Sobre: Movilidad |
| **ELLIOT M. FIGUEROA GÓMEZ**<br><br>Recurrido<br><br>v.<br><br>**AUTORIDAD DE ENERGÍA ELÉCTRICA**<br><br>Recurrente | KLRA202400271 | **REVISIÓN** procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm: **2023-06-0888**<br><br>Sobre: Movilidad |
| **EDGARDO GARCÍA ROHENA**<br><br>Recurrido<br><br>v.<br><br>**AUTORIDAD DE ENERGÍA ELÉCTRICA**<br><br>Recurrente | KLRA202400272 | **REVISIÓN** procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm: **2023-06-0882**<br><br>Sobre: Movilidad |
| **ALFREDO GARCÍA GONZÁLEZ**<br><br>Recurrido<br><br>v.<br><br>**AUTORIDAD DE ENERGÍA ELÉCTRICA**<br><br>Recurrente | KLRA202400281 | **REVISIÓN** procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm: **2023-06-1062**<br><br>Sobre: Movilidad |

Número Identificador
RES2024_____

| | | |
|---|---|---|
| **CARLOS K. BENGOCHEA CORTÉS**<br><br>Recurrido<br><br>v.<br><br>**AUTORIDAD DE ENERGÍA ELÉCTRICA**<br><br>Recurrente | KLRA202400297 | **REVISIÓN** procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm:<br>**2023-06-1135**<br><br>Sobre: Movilidad |
| **GILBERTO A. FELICIANO MATTEI**<br><br>Recurrido<br><br>v.<br><br>**AUTORIDAD DE ENERGÍA ELÉCTRICA**<br><br>Recurrente | KLRA202400298 | **REVISIÓN** procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm:<br>**2023-06-1112**<br><br>Sobre: Movilidad |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2024.

En los casos consolidados de referencia, la Autoridad de Energía Eléctrica de Puerto Rico (AEE o recurrente) objeta los dictámenes emitidos por la Comisión Apelativa del Servicio Público (CASP), mediante los cuales determinó no desestimar los recursos apelativos instados por un número de empleados de la AEE que impugnan la acción de movilidad notificada el 30 de mayo de 2023[1].

Por las razones que expondremos a continuación, se desestiman los recursos de epígrafe por falta de jurisdicción.

## I.

Según surge del expediente, el 30 de mayo de 2023, el señor Julio A. Caraballo Rivera y los otros recurridos en los casos

---

[1] Por la presente, se consolidan los recursos de epígrafe por referirse a la impugnación del mismo proceso de movilidad efectuado por la Autoridad de Energía Eléctrica.

consolidados de referencia,[2] fueron notificados por el Director Ejecutivo de la AEE de una acción de movilidad, al amparo de lo dispuesto por la Sección 15 de la Ley Núm. 120-2018, según enmendada, conocida como "*Ley para Transformar el Sistema Eléctrico de Puerto Rico*", en conjunto con las disposiciones de la Ley Núm. 8 de 4 de febrero de 2017, según enmendada, conocida como "*Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico*" (Ley Núm. 8-2017).[3] La comunicación les informó a los recurridos que, luego de la evaluación realizada por la Oficina de Administración y Transformación de los Recursos Humanos del Gobierno de Puerto Rico (OATRH), éstos serían transferidos a distintos puestos en diversas agencias del Gobierno de Puerto Rico.

Ante su disconformidad con la antedicha acción, los recurridos presentaron una apelación en la CASP. En respuesta, la AEE, el mismo día que contestó los recursos de apelación, presentó una *Solicitud de Desestimación*, bajo el fundamento de que los aquí recurridos incumplieron con la Sección 2.8 del Reglamento Procesal de la CASP, Reglamento Núm. 7313. Específicamente, adujo que los recurridos omitieron incluir el medio utilizado para la notificación de los recursos, lo cual conllevaba que estos se tuvieran por no radicados.

El 3 de abril de 2024, la CASP dictó la siguiente *Orden* dirigida a la AEE:

[…]

NO HA LUGAR a la Solicitud de desestimación. La parte apelante fue notificada de la determinación de movilidad el 30 de mayo de 2023, y esta presentó la apelación ante este foro el 20 de junio de 2023. Por lo

---

[2] Sr. Ángel Martínez Pérez, Sr. Elliot M. Figueroa Gómez, Sr. Edgardo García Rohena, Sr. Alfredo García González, Sr. Gilberto A. Feliciano Mattei y Sr. Carlos K. Bengochea Cortés (todos en conjunto, los recurridos). *Véase* además lo dispuesto en le Regla 17 de Reglamento del Tribunal de Apelaciones *4 LPRA Ap. XXII-B, R.17* así como las órdenes administrativas DJ-2019-0316 y DJ-2019-0316 A respectivamente.
[3] 3 LPRA sec. 1469 *et seq.*

cual la apelación fue presentada dentro del término jurisdiccional de treinta (30) días, dispuesto en el Artículo 13 del Plan de Reorganización Núm. 2-20102 y el Artículo I, Sección 1.2 (a), del Reglamento Procesal Núm. 7313. Además, la parte apelante cumplió con el requisito de notificación de la apelación a la parte apelada dentro del término jurisdiccional establecido para ello, y así lo evidenció, conforme al Artículo II, Sección 2.3, del Reglamento Procesal Núm. 7313.

SE TOMA CONOCIMIENTO de la presentación de la Contestación a la apelación. (Énfasis en el original omitidos).

Inconforme, la AEE solicitó reconsideración, pero esta fue declarada *No Ha Lugar* por la CASP mediante *Orden* dictada el 24 de abril de 2024. Aun en desacuerdo, la AEE presentó ante este Foro los recursos de revisión judicial de epígrafe. En estos alega lo siguiente:

Erró la Comisión al acoger el recurso apelativo al carecer de jurisdicción por el incumplimiento con los requisitos de notificación dispuestos en el Reglamento 7313.

Erró la Comisión al dictar *No Ha Lugar* la Moción de Reconsideración en contra del Reglamento 7313, reglamento vigente promulgado por la propia agencia.

Con el beneficio de la comparecencia de los recurridos, procedemos a resolver.

**II.**

**A.**

La *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico,* Ley Núm. 201–2003, según enmendada, 4 LPRA sec. 24 *et. seq.*, instituye la facultad revisora del Tribunal de Apelaciones. En asuntos de índole administrativo, dicha Ley nos circunscribe a examinar órdenes o resoluciones finales. Particularmente, el Artículo 4.006 (c), 4 LPRA sec. 24y de la Ley Núm. 201–2003, dispone que el Tribunal de Apelaciones conocerá de los siguientes asuntos:

[…]

"[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, **de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas** ..." (Énfasis nuestro).

[...]

Cónsono con lo anterior, la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 56, dispone que nuestra jurisdicción revisora se limita a determinaciones administrativas de carácter final. También la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38 del 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.*, establece que una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. Asimismo, dicha Sección expone, en lo pertinente:

[...]

**Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente.** La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. (Énfasis nuestro).

La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa sea ésta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de este capítulo.

Una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia; les pone fin, sin dejar pendiente una para ser decidida en el futuro. Es decir, es aquella que dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes. Esta culmina en forma

final el procedimiento administrativo respecto a todas las controversias. *Comisionado Seguros v. Universal*, 167 DPR 21, 29-30 (2006).

Ahora bien, una situación clara de falta de jurisdicción de la agencia es una excepción a la norma de que sólo serán revisables ante el Tribunal de Apelaciones las resoluciones finales de una agencia administrativa. *Íd.*, citando a *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483 (1997). Véase, además, *Procuradora Paciente v. MCS*, 163 DPR 21 (2004) y la Sección 4.3 de la LPAU, 3 LPRA sec. 9673. No obstante, en *Comisionado Seguros v. Universal*, supra, págs. 30-31, el Tribunal Supremo de Puerto Rico aclaró lo siguiente:

> [N]o toda alegación de ausencia de jurisdicción va a tener el efecto de liberar a la parte de culminar sus gestiones en la agencia" ni implicará una aplicación automática de la excepción. Sólo en aquellos casos en los que la agencia administrativa carece realmente de jurisdicción, el proceso administrativo se convierte en final por no quedar asuntos o controversias pendientes de dilucidar por la agencia; sólo entonces sería revisable por el Tribunal de Apelaciones.

**B.**

Como es sabido, los tribunales deben ser guardianes celosos de su jurisdicción. Este asunto debe ser resuelto con preferencia, pues la falta de jurisdicción no es susceptible de ser subsanada. El foro judicial carece de discreción para asumir jurisdicción donde no la hay. Si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Hernández Colón v. Policía de Puerto Rico*, 177 DPR 121, 135 (2009); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

**III.**

Analizado el expediente con detenimiento, colegimos que carecemos de jurisdicción para ejercer nuestra facultad revisora en la presente causa. Nótese que, a través del pronunciamiento

recurrido, la CASP no dilucidó, ni adjudicó derechos, obligaciones o privilegios de clase alguna. Mediante esta, la CASP retuvo su jurisdicción sobre la apelación presentada por los aquí recurridos. De la misma resulta evidente que no estamos ante un caso claro de falta de jurisdicción de la agencia.

Por ende, dicho dictamen no es uno final, sino interlocutorio. Cualquier intervención de nuestra parte en esta etapa de los procedimientos sería inadecuada, toda vez que aun la agencia administrativa no ha adjudicado finalmente los recursos apelativos instados por los recurridos. Recordemos que nuestra función revisora solo procede ante determinaciones administrativas de carácter final.

En fin, toda vez que los recursos consolidados de referencia no versan sobre una resolución final de la CASP, carecemos de jurisdicción para intervenir y adjudicarlos en los méritos. Una vez la agencia tome su determinación final, las partes podrán recurrir ante este Foro mediante recurso de revisión judicial, de entenderlo necesario. Según dispone la Sec. 4.2 de la LPAU, *supra,* la disposición interlocutoria de la CASP podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final.

**IV.**

Por las consideraciones que anteceden, desestimamos los recursos de revisión judicial de epígrafe por falta de jurisdicción. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C). Se devuelve el caso a la Comisión Apelativa del Servicio Público para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones