Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| | | |
|---|---|---|
| JUNTA DE PLANIFICACIÓN DE PUERTO RICO<br>Recurrida<br><br>v.<br><br>MOISÉS ORAMA NEGRÓN y PREFABRICADOS ORAMA LLC<br>Peticionarios | KLCE202300664 | Certiorari procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Caso Núm. AR2021CV01884<br><br>Sobre: Injuction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece el señor Moisés Orama Negrón (el señor Orama) y Prefabricados Orama, LLC., (en conjunto, los peticionarios) mediante recurso de *certiorari*, solicitando la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, (TPI), el 9 de mayo de 2023. Mediante su dictamen, el foro primario declaró *No Ha Lugar* la *Moción de desestimación* instada por Orama, respecto a una *Demanda de injunction estatutario preliminar y permanente* presentada por la Junta de Planificación de Puerto Rico, (JP o recurrida), contra el primero.

Los peticionarios recurren ante nosotros de la denegatoria de moción dispositiva, planteando, entre otros, un defecto en la notificación de la *Resolución* emitida por la JP que originó la *Demanda de injunction* ante el foro recurrido. Juzgan que tal defecto en la notificación de la

determinación administrativa provocó que nunca se hubiesen iniciado los términos para recurrir en alzada. Tienen razón.

## I. Resumen del tracto procesal

En septiembre de 2020, la señora Nanette Ortiz, una vecina del Municipio de Guaynabo, presentó una querella contra el señor Orama, alegando que este incurrió en cierta actividad comercial, sin contar con un permiso de uso del Municipio de Arecibo.

En respuesta, la JP le asignó a dicha querella el alfanumérico 2020-SRQ-005841, y designó un inspector para atenderla.

Según el *Informe de Investigación* redactado por el Agente de Permisos de la JP, a cargo de examinar las alegaciones de la referida querella, el 16 de octubre de 2020 se presentó al lugar señalado, donde fue recibido por el señor Orama.[1] Estando allí, el señor Orama le indicó al inspector que contaba con los permisos para la operación del negocio, y que se los haría llegar por correo electrónico. Como resultado de la inspección realizada por el Agente de Permiso, este observó que en dicho lugar se estaba realizando una actividad industrial (fabricación de piezas de tubos en hormigón y transporte de estos), que no contaba con el permiso requerido. Por esto, el Agente de Permisos plasmó en el *Informe de Investigación*, que el señor Orama se encontraba operando en violación de varios artículos del Reglamento Conjunto de Permisos para Obras y Construcción de Terrenos, que fueron precisados en el escrito.[2]

En consecuencia, el 4 de junio de 2021, la Junta de Planificación le notificó al señor Orama un documento intitulado *Notificación de Hallazgo y Orden de Mostrar Causa*.[3] En este, luego de la agencia recurrida describir los hallazgos del inspector que visitó la propiedad objeto de la querella, se concluyó que las acciones descritas contravenían varias disposiciones legales, detalladas mediante una tabla en el propio

---

[1] En el referido *Informe* se reitera el apellido Orana, en lugar de Orama, lo que consideramos un error tipográfico sin importancia.
[2] *Íd.*, págs. 14-24.
[3] Apéndice 6 del recurso de *certiorari*, págs. 25-29.

documento. En vista de ello, al señor Orama se le concedió un término de veinte (20) días para que mostrara causa por la cual no se le debía imponer una primera multa de $1,000.00, y, de no cumplir en tal término, se le impondría dicha multa, *sin más citarle ni oírle.*

En la Sección V de la *Notificación de Hallazgo y Orden de Mostrar Causa,* bajo el título *Reconsideración o Revisión Judicial,* en particular, se dispuso lo siguiente:

> **SE APERCIBE** a la parte Querellada o Intervenida que deberá cumplir con lo aquí dispuesto dentro del término aquí prescrito. El personal de la Junta de Planificación verificará el cumplimiento de lo solicitado mediante auditorías e inspecciones, las cuales se irán realizando a partir del término otorgado. **Esta notificación se considerará como una de naturaleza interlocutoria y de no cumplir con el término de esta Orden, la misma se convertirá en una determinación final.** (Énfasis suplido).

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción o solicitud de reconsideración de la resolución u orden en la Secretaría de esta Junta.

> La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. **Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión judicial ante el Tribunal Apelativo comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quinces (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión judicial ante el Tribunal Apelativo empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.** Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Disponiéndose que, si la fecha del archivo en autos de copia de la notificación de la Resolución es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

> Si la Junta dejare de tomar alguna acción con relación a la Solicitud de Reconsideración dentro de los noventa (90) días de haber sido radicada perderá jurisdicción sobre la misma y **el término para solicitar la revisión judicial ante el Tribunal Apelativo empezará a contarse a partir de la expiración de dicho término de noventa (90) días, salvo que la Junta, por justa causa y dentro de esos noventa**

**(90) días prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales**.[4]

(Énfasis provisto).

Habiendo recibido la *Notificación de Hallazgo y Orden de Mostrar Causa,* el 17 de junio de 2021, el señor Orama solicitó una extensión de treinta (30) días para radicar los permisos correspondientes ante la Oficina de Gerencia de Permisos (OGPe).[5] En atención a lo cual, el 1 de julio de 2021, la JP le concedió veinte (20) días, para que mostrara evidencia de que sometió los trámites correspondientes ante la OGPe, o de que eliminó las violaciones mencionadas en la *Notificación de Hallazgo y Orden de Mostrar Causa.*[6]

No obstante, el 19 de agosto de 2021, el señor Orama volvió a solicitar otra extensión de treinta (30) días para presentar la *documentación restante.*[7] En respuesta, el 24 de agosto de 2021, la JP concedió el término solicitado.[8]

Pasados los términos concedidos por la JP al señor Orama, sin que este cumpliera con presentar los documentos requeridos, el 27 de diciembre de 2021, la JP presentó una *Demanda de Injunction Preliminar y Permanente* ante el TPI.[9] En la referida Demanda se adujo que, seguido el trámite administrativo respecto a la querella 2020-SRQ-005842, la JP había alcanzado unas determinaciones de hecho y conclusiones de derecho e impuesto una multa al señor Orama, por no contar con unos permisos. En lo pertinente, la JP adujo que, "la parte demandada fue notificada desde el inicio de la investigación y se le dio la oportunidad de iniciar en dos ocasiones y culminar el proceso de legalización de la operación y obtener los permisos correspondientes. También tuvo la oportunidad de solicitar la revisión de la *Notificación de Hallazgos*

---

[4] *Íd.* pág. 28.
[5] Apéndice 12 del recurso de *certiorari,* pág. 60.
[6] Apéndice 14 del recurso de *certiorari,* págs. 62-63.
[7] Apéndice 13 del recurso de *certiorari,* pág. 61.
[8] Apéndice 15 del recurso de *certiorari,* págs. 64-65
[9] Apéndice 1 del recurso de *certiorari,* págs. 1-6.

notificada por la Junta de Planificación en los foros pertinentes y cumplir con todos los términos de revisión administrativos y judiciales disponibles, pero optó por no hacerlo".[10] Aseveró la JP que le había concedido al señor Orama todas las oportunidades posibles y el mayor término reglamentario para cumplir con lo ordenado, pero este no había presentado evidencia que demostrara el inicio del proceso para legalizar su operación. En vista de ello, la JP solicitó al TPI que emitiera un interdicto permanente, revocando el permiso de uso y ordenando al señor Orama el pago de mil dólares correspondientes a la multa impuesta.

En respuesta, el 30 de enero de 2022, el señor Orama presentó una *Moción de Desestimación*. Esgrimió ocho (8) fundamentos por los cuales, adujo, que aunque se tomaran como ciertas las alegaciones contenidas en la *Demanda de Injunction Preliminar y Permanente,* provocaban la desestimación de la acción presentada. Limitándonos a resaltar de dicha moción solo las controversias que llegaron ante nuestra atención, el señor Orama sostuvo que la *Notificación de Hallazgos* era defectuosa, porque carecía de una expresión del término con el cual contaba para presentar un recurso de revisión judicial ante este Tribunal de Apelaciones. Sobre lo mismo, aseveró que, tanto en el reglamento vigente al momento de expedirse la *Notificación de Hallazgos, Reglamento conjunto para la evaluación y expedición de permisos relacionados al desarrollo, uso de terrenos y operación de negocios* (Reglamento Núm. 9081), como en la *Ley de Procedimientos Administrativo Uniforme, infra*, se exigía que las partes fueran notificadas sobre el derecho a presentar el recurso de revisión judicial ante el Tribunal de Apelaciones, con expresión del término que tuvieran para ese propósito. Sin embargo, adujo que, en la sección de la *Notificación de Hallazgos* donde se le apercibió de su derecho a presentar una reconsideración o revisión judicial, no se indicó cuál era el término dentro del cual podía recurrir de

_____

[10] *Íd.*, alegación 12, pág. 5.

la determinación administrativa ante el Tribunal de Apelaciones. Por tal defecto en la notificación, el señor Orama planteó que los términos para recurrir ante el Tribunal de Apelaciones mediante recurso de revisión judicial, ni siquiera habían iniciado. En otro tema, también propuso la desestimación de la *Notificación de Hallazgos,* porque, presuntamente, la persona que inició la querella, la señora Nanette Ortiz, carecía de legitimación activa, al no ser residente del pueblo donde se encontraba el negocio investigado.[11]

En desacuerdo, el 28 de febrero de 2022, la JP presentó una *Oposición a Moción de Desestimación.* Sobre la alegación del señor Orama que versó sobre la alegada falta de legitimación activa de la querellante, sostuvo que no había evidencia de que la señora Nanette Ortiz careciera de otra propiedad que le hiciera vecina del objeto del pleito, por lo que no debería prosperar el reclamo sobre falta de legitimación activa. En torno a la alegada notificación defectuosa, afirmó que la *Notificación de Hallazgo y Orden de Mostrar Causa* contenía una sección completamente dedicada a las advertencias requeridas para explicar los derechos a la presentación de la reconsideración y el recurso de revisión ante el Tribunal de Apelaciones, de modo tal que se dio fiel cumplimiento a ello.[12]

Es así que, el 19 de mayo de 2023, el TPI emitió la *Resolución* cuya revocación se nos solicita. Según dijimos, el foro de instancia declaró No Ha Lugar la moción dispositiva ante su consideración, aludiendo a los fundamentos levantados por la JP en la *Oposición a Desestimación,* como los justificativos de la denegatoria dictaminada. Junto a ello, pautó la celebración de la vista en sus méritos, para el 22 de junio de 2023.[13]

---

[11] *Íd.*, págs. 31-47.
[12] *Íd.*, págs. 49-54.
[13] *Íd.*, págs. 66-67.

Inconforme, el 13 de junio de 2023, los peticionarios acuden ante nosotros, mediante recurso de *certiorari*, planteando los siguientes errores:

> **Primer error:** Erró el TPI al emitir una resolución que hace caso omiso a la existencia de una notificación defectuosa en este caso que transgrede el debido proceso de ley que le asiste a los peticionarios.

> **Segundo error:** Erró el TPI al emitir una resolución que declara no ha lugar un planteamiento de falta de legitimación activa a base de un cuadro fáctico ajeno al pleito de epígrafe y/o de hechos que no surgían del expediente judicial.

Posteriormente, el 20 de junio de 2023, el señor Orama nos presentó una *Solicitud de auxilio de jurisdicción,* en la que adujo que, habiéndose declarado nulo el Reglamento Conjunto de 2019, ello afectaba el curso de acción tomado por la JP en su caso. Además, por causa de que la vista en su fondo quedó pautada para el 22 de junio de 2023, solicitó que ordenáramos su paralización, en lo que este foro intermedio atendía los asuntos que le fueron planteados.

En la misma fecha de la presentación de la *Moción en Auxilio de Jurisdicción* la declaramos Ha Lugar, ordenando la paralización de los procesos ante el TPI, y concediendo un término de quince (15) días a la JP para que se expresara sobre los méritos del recurso de *certiorari*.

En cumplimiento, el 5 de julio de 2023, la JP compareció ante nosotros, mediante *Alegato en oposición a certiorari.* Admitió que, **si bien era cierto que en la *Notificación de Hallazgo y Orden de Mostrar Causa* no se especificó el término de treinta días**, se había destinado una sección de la *Notificación* a explicar los remedios que tenía a su disposición la parte adversamente afectada, es decir, la reconsideración ante la JP, o el recurso de revisión judicial ante el Tribunal de Apelaciones.[14] Además, argumentó que el requisito de notificar los términos correspondientes para instar un recurso de revisión ante el

---

[14] Alegato en oposición a *certiorari*, pág. 7.

Tribunal de Apelaciones, que surge de la Sección 3.14 de la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 LPRA sec. 9654, refiere solo a órdenes o resoluciones finales. Concluyó que la *Notificación de Hallazgo y Orden de Mostrar Causa* era una resolución interlocutoria, no una *Orden o Resolución final,* por lo que resultaba inaplicable el requerimiento contenido en la Sección 3.14 de la LPAU aludida, no había que notificar el término de treinta días para recurrir al Tribunal de Apelaciones.

Visto que contamos con el beneficio de la comparecencia de las partes, estamos en posición de decidir.

## II. Exposición de Derecho

La LPAU no define específicamente el término *orden o resolución final.* Sin embargo, sí describe *orden o resolución* como*; cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas excluyendo órdenes ejecutivas emitidas por el Gobernador.* Sec. 1.3(g) de la LPAU, 3 L.P.R.A. sec. 9603(g).

A ello se une que la Sección 3.14 de la LPAU, 3 L.P.R.A. sec. 9654, establece que una "orden o resolución final" *deberá incluir y exponer separadamente determinaciones de hechos, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso.*

Nuestro Tribunal Supremo ha definido la *orden o resolución final* es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia, les pone fin, sin dejar pendiente una para ser decidida en el futuro. *Comisionado Seguros v. Universal,* 167 DPR 21, 29 (2006).

Añadiendo, en *Crespo Claudio v. O.E.G.,* 173 DPR 804, 812-813 (2008), el Tribunal Supremo de Puerto Rico expresó:

[a]hora bien, para que una orden o resolución sea considerada final, se requiere que la misma ponga fin al caso ante la agencia y que tenga efectos sustanciales sobre las partes. [...] Además, para que dicha decisión tenga carácter de finalidad debe incluir determinaciones de hecho, conclusiones de derecho y una advertencia sobre el derecho a solicitar reconsideración o revisión judicial. 3 L.P.R.A. sec. 2164. Igualmente, la misma debe estar firmada por el Jefe de la Agencia o por un funcionario autorizado [...]

No cabe duda de que al incorporar tales requisitos el Legislador se aseguró que la intervención judicial se realizara después de que concluyeran los trámites administrativos y se adjudicaran todas las controversias pendientes ante la Agencia, de manera que no haya una intromisión de los tribunales a destiempo. [...]

El Tribunal Supremo ya había zanjado sobre el mismo tema, en *J. Exam. Tec. Med. v. Elías et al.*, 144 DPR 483, 490 (1997), que para que una orden o resolución se considerara final tenía que resolver todas las controversias y no podía dejar pendiente una para ser decidida en el futuro.

A diferencia de la *orden o resolución final*, la LPAU considera una *orden interlocutoria*, como *aquella acción de la agencia en un procedimiento adjudicativo **que disponga de algún asunto meramente procesal***. Sec. 1.3(i) de la LPAU, 3 LPRA sec. 9603(i). (Énfasis provisto).

### A. Notificación Adecuada

La Sec. 3.14 de la LPAU, 3 LPRA sec. 9654, regula el derecho de las partes a una notificación adecuada en los procesos administrativos adjudicativos. A esos fines, la referida sección establece, en lo pertinente, lo siguiente:

> *Una orden o resolución final deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada.*
> *La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.*

> *La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, **con expresión de los términos correspondientes**. Cumplido este requisito comenzarán a correr dichos términos.*
>
> *La agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas naturales o jurídicas a quienes, en calidad de partes, les fue notificado el dictamen, a los fines de que estas puedan ejercer efectivamente el derecho a la revisión judicial conferido por ley.*
>
> *La agencia deberá notificar con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. **Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma.***
>
> .    .    .    .    .    .    .    .

3 LPRA sec. 9654. (Énfasis nuestro).

Según nuestro ordenamiento constitucional, ninguna persona puede ser privada de su propiedad sin el debido proceso de ley. Art. II, Sec. 7, Const. ELA, LPR, Tomo 1; Emdas. V y XIV, Const. E.E. U.U., LPRA, Tomo 1. Como corolario del debido proceso de ley, ha sido reiterado que los procedimientos adjudicativos deben observar las garantías mínimas siguientes: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar a los testigos y examinar evidencia presentada en su contra; (5) asistencia de abogado y; (6) decisión basada en el récord. *Román Ortiz v. OGPe*, 203 DPR 947, 954 (2020).

A tono con lo cual, nuestro máximo Foro ha enfatizado en múltiples contextos que el debido proceso de ley también exige a las agencias administrativas que notifiquen adecuadamente los dictámenes emitidos en los procedimientos adjudicativos. *Íd*. Se incumple con el debido proceso de ley cuando no se notifica adecuadamente una determinación administrativa a una parte afectada por ella. *Molini*

*Gronau v. Corp. PR Dif. Púb.*, 179 DPR 674, 686 (2010). Por tanto, una notificación defectuosa no activa los términos para solicitar reconsideración o acudir en revisión judicial. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228 (2014); *Molini Gronau v. Corp. PR Dif. Púb.*, supra; *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008). Cuando un organismo administrativo no advierte adecuadamente conforme lo dispone la LPAU, ello no puede perjudicarle a la parte, por tanto, no se le pueden oponer los términos para recurrir. Aunque la agencia notifique a una parte su determinación, si dicha notificación no advierte adecuadamente el foro al que se debe acudir en revisión, no se puede perjudicar a la parte por haber acudido al foro erróneo. Resolver lo contrario tendría el peligroso efecto de permitir que la agencia se beneficie de actuaciones administrativas que inducen a error a la parte notificada. *Horizon v. Jta. Revisora, RA Holdings*, supra; *Comisión Ciudadanos v. G.P. Real Property*, supra. En consecuencia, el remedio que el Tribunal Supremo ha concedido en los casos de notificaciones erróneas ha consistido en otorgarle tiempo a la parte perjudicada para que ejerza su derecho de revisión judicial como corresponde o atender el recurso de revisión ya presentado; claro está siempre y cuando no haya mediado incuria. *Íd.*

**III. Aplicación del Derecho a los hechos**

a.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, habilita a este foro intermedio a intervenir con un dictamen del TPI sobre denegatoria de moción de carácter dispositivo. En el caso ante nosotros, el foro recurrido denegó una moción de desestimación instada por los peticionarios, *ergo*, denegó moción dispositiva, lo que nos permite ejercer nuestra discreción para expedir o no el recurso instado.

**b.**

Según ya fue identificado, en su primer señalamiento de error, los peticionarios aducen que la *Notificación de Hallazgos* emitida por la JP fue defectuosa porque no se les apercibió sobre el término que contaban para presentar un recurso revisión judicial ante este Tribunal de Apelaciones. En específico, en la referida *Notificación* se les advirtió a los peticionarios de que contaban con término de treinta (30) días para instar un recurso de revisión judicial.

En su *Alegato en oposición a certiorari,* la JP admite no haber incluido en la *Notificación de Hallazgos* mención sobre el término con el que contaban los peticionarios para presentar un recurso de revisión judicial ante este Tribunal de Apelaciones. No obstante, arguye que la Sec. 3.14 de la LPAU, que es la que requiere la notificación de los términos para acudir en alzada de una determinación administrativa, es de aplicación exclusiva a las órdenes o resoluciones finales emitidas por una agencia administrativa, no a una orden o resolución interlocutoria. Afirma la JP que la *Notificación de Hallazgos* es una resolución interlocutoria, por tanto, no se tenía que precisar en esta sobre términos para que la parte afectada pudiera ejercer a la revisión judicial. Se equivoca.

Primero, hemos examinado la *Sección V* de la *Notificación de Hallazgos,* titulada *Reconsideración o Revisión Judicial,* y resulta evidente la falta de mención del término que disponían los peticionarios para presentar un recurso de revisión judicial ante este Tribunal de Apelaciones. A pesar de que en la referida *Sección V* se describió con amplitud los remedios a disposición de los peticionarios en caso de solicitar algún remedio judicial, no fue provista información alguna sobre con cuántos días contaban para ejercer el derecho a la revisión judicial. La Sec. 3.14 de la LPAU, ya citada, pone en claro que, que la debida notificación de la determinación final de la agencia administrativa

necesariamente incluye advertir a la parte adversamente afectada, en lo pertinente, de su derecho a instar un recurso de revisión ante el Tribunal de Apelaciones, **como expresión del término correspondiente**. Por tanto, no se requiere mayor elaboración por nuestra parte, para concluir que la *Notificación de Hallazgos* fue defectuosa, en tanto pretirió informar sobre el término en que los peticionarios podían instar un recurso de revisión judicial ante nosotros.

Con todo, estamos llamados a verificar si la *Notificación de Hallazgos* es una orden interlocutoria o final.

La Sección 3.14 de la LPAU, 3 LPRA sec. 9654, dispone que una "orden o resolución final", *deberá incluir y exponer separadamente determinaciones de hechos, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso.* Además, la jurisprudencia relativa al tema revela que se considerará una orden o resolución como final, si en esta se han resuelto todas las controversias y no quedó nada pendiente para ser decidido en el futuro. *Exam. Tec. Med. v. Elías et al.*, supra. En oposición a lo que constituye una orden final, se considera una orden interlocutoria *aquella que disponga de un asunto meramente procesal.* Sec 1.3(i) de la LPAU, *supra.*

Verificado el contenido de la *Notificación de Hallazgos y Orden de Mostrar Causa,* a la luz de lo expuesto en el párrafo que precede, no albergamos dudas de que en esta: (1) se incluyeron y expusieron separadamente determinaciones de hechos y conclusiones de derecho para fundamentar la adjudicación,[15] (así lo admitió la propia JP en la *Demanda de Injunction* que instó ante el TPI);[16] (2) se advirtió expresamente a la parte afectada sobre la disponibilidad del recurso de reconsideración o revisión judicial (aunque sin inclusión del término para ejercitar la revisión judicial); (3) fueron resueltas todas las

---

[15] Apéndice del recurso de *certiorari,* págs. 55-57.
[16] Apéndice del recurso de *certiorari*, pág. 1.

controversias, sin dejar pendiente alguna para decidirla en el futuro. Cumplidas esas tres características, la conclusión resulta inescapable, la *Notificación de Hallazgos y Orden de Mostrar Causa* es una orden final, por lo que la JP tenía que cumplir con todos los requisitos de notificación, entre los cuales se encontraba informar sobre el derecho a instar un recurso de revisión ante el Tribunal de Apelaciones, **con expresión del término correspondiente**.

La Sec. 3.14 de la LPAU, 3 LPRA sec. 9654, dispone que hasta que no se cumpla el requisito de una notificación adecuada, no comenzarán a correr los términos de reconsideración y revisión judicial. Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma, adecuadamente. Visto que, en la *Notificación de Hallazgos y Orden de Mostrar Causa,* no se incluyó el término para acudir en revisión judicial ante el Tribunal de Apelaciones, y tratándose de una resolución final, concluimos que estamos ante una notificación defectuosa.

Como es conocido, una notificación defectuosa no activa los términos para solicitar reconsideración o acudir en revisión judicial. *Horizon v. Jta. Revisora, RA Holdings*, supra. El remedio que el Tribunal Supremo ha concedido en los casos de notificaciones erróneas ha consistido en otorgarle tiempo a la parte perjudicada para que ejerza su derecho de revisión judicial como corresponde. *Horizon v. Jta. Revisora, RA Holdings*, supra; *Comisión Ciudadanos v. G.P. Real Property*, supra.

En consecuencia, la JP deberá notificar nuevamente a los peticionarios sobre la determinación final que les es adversa, esta vez, adherida por completo a los requerimientos legales para que se considere como una notificación adecuada. Una vez la JP notifique a los peticionarios de manera adecuada, entonces darán inicio los términos para presentar moción de reconsideración ante la agencia, o recurso de revisión judicial ante este Tribunal de Apelaciones.

**IV. Parte dispositiva**

De conformidad con lo expresado, expedimos el recurso de *certiorari* solicitado, revocamos la *Resolución* recurrida, emitida por el TPI el 19 de mayo de 2023 y consecuentemente, ordenamos la desestimación de la *Demanda de injuction estatutario preliminar y permanente presentada por la Junta de Planificación,* por falta de jurisdicción debido a la notificación defectuosa de la *Notificación de Hallazgos y Orden de Mostrar Causa* del 4 de junio de 2021.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones