ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **ISRAEL MARTÍNEZ GUTIERREZ**<br><br>Recurrido<br><br>v.<br><br>**SUN AIR PHOTOVOLTAIC, LLC.; CARLOS CÁCERES MAURY; COOPERATIVA DE AHORRO Y CRÉDITO LOS HERMANOS**<br><br>Recurrente | KLRA202400178 | **REVISIÓN** procedente del Departamento de Asuntos al Consumidor<br><br>Caso Núm:<br>**SAN-2021-0009501**<br><br>Sobre: Ley Núm. 5 del 23 de abril de 1973 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2024.

Sunair Photovoltaic LLC y el señor Carlos Cáceres Maury solicitan la revisión de la *Resolución* emitida el 25 de enero de 2024, por el Departamento de Asuntos del Consumidor (DACo). Mediante dicha determinación, el DACo pautó ciertas directrices que las partes deberán cumplir y condicionó la resolución del contrato de compraventa pactado entre las partes a que el proceso de interconexión a la Autoridad de Energía Eléctrica (AEE) y la medición neta rindiera resultados satisfactorios.

Por las razones que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción.

### I.

Según surge del expediente, el 16 de agosto de 2021, el señor Israel Martínez Gutiérrez y la señora Carmen M. Hernández Rosa instaron una *Querella* contra Sunair Photovoltaic, el señor Cáceres Maury y la Cooperativa de Ahorro y Crédito Los Hermanos. El remedio solicitado en la querella era que la aludida entidad

culminara los trabajos por los cuales se le pagó, específicamente, la instalación de generación distribuida fotovoltaico, sistema 11KW, con 34 módulos solares, sistema de anclaje, *interface* "web" conector con la conexión para la planta eléctrica ("transfer switch"), entre otras cosas. En la alternativa, solicitaron la devolución del dinero en su totalidad, más los intereses pagados a la Cooperativa coquerellada. Sunair Photovoltaic y el señor Cáceres Maury contestaron la querella el 31 de mayo de 2022.

Luego de múltiples incidentes procesales, los cuales incluyeron una inspección y vista ocular realizada el 19 de diciembre de 2022, se notificó el informe de los hallazgos a las partes. La vista se celebró el 7 de diciembre de 2023, a la cual comparecieron todas las partes representadas por sus respectivos abogados. Desfilada la prueba documental y testifical, el 25 de enero de 2024, el DACo dictó la *Resolución* recurrida, en la cual formuló las siguientes determinaciones de hechos:

1. La parte querellante se identifica en la querella de epígrafe como Israel Martínez Gutiérrez y Carmen H. Hernández Rosa, casados entre sí y residentes de Toa Alta, Puerto Rico.

2. La parte coquerellada Sun Air Photovoltaic, LLC. es una compañía de responsabilidad limitada, que fue inscrita en el Departamento de Estado el 24 de septiembre de 2015 y cancelada el 31 de diciembre de 2019, por no rendir sus informes anuales. Su agente residente y pesada autorizada es el coquerellado Carlos A. Cáceres Maury.

3. La parte coquerellada Cooperativa de Ahorro y Crédito Los Hermanos fue la entidad que brindó el financiamiento del equipo objeto de la querella.

4. El 25 de marzo de 2017, la parte querellante suscribió con la parte coquerellada Sun Air Photovoltaic, LLC., un contrato para la instalación de generación distribuida fotovoltaico, sistema 1KW, con treinta y cuatro (34) módulos solares, sistema de anclaje, interface "web" conector, que incluía la conexión para la planta eléctrica ("transfer switch").

5. El contrato entre las partes incluía, además, los planos certificados, las certificaciones eléctricas, los permisos, instalación e interconexión con la AEE (medición neta). La garantía era de diez (10) años en la instalación y diez (10) años de mantenimiento incluidos.

6. El sistema no fue vendido con respaldo de baterías, pero sí con un generador de energía.

7. El costo total del contrato fue financiado a través de la parte coquerellada Cooperativa de Ahorro y Crédito Los Hermanos.

8. Realizada la instalación de las placas, la parte querellante reclamó a la coquerellada que el equipo no estaba funcionando. La querellada adeudaba a los querellantes dos tanques de gas.

9. La parte querellada no respondió satisfactoriamente a los reclamos de la parte querellante, por lo que el 16 de agosto de 2021, radicaron la querella de autos.

10. Luego de varios incidentes procesales, durante una de las inspecciones, las partes llegaron a un acuerdo, a los fines de que la querellada evaluara la producción del equipo y gestionara los permisos para la interconexión a la AEE y la medición neta, con el Ingeniero José M. Soto.

11. El Ingeniero José M. Soto requirió a la parte querellante información personal que dicha parte proveyó y le indicó que su propósito era someter los permisos correspondientes.

12. El Sr. Luis F. Vega Fernández, Investigador de Querellas del Departamento durante veintiocho (28) años, declaró durante la vista que "no pudo determinar de manera tangible" si el equipo estaba funcionando o no y si estaba produciendo energía. El técnico declaró que sólo había treinta y tres (33) placas instaladas.

13. La prueba desfilada y creída durante la vista no fue concluyente a los fines de establecer, que una vez se realice la interconexión a la AEE, el equipo funcionará satisfactoriamente, por lo que no podemos determinar si se cumplió o no con el acuerdo.

El DACo concluyó lo siguiente:

[…]

En el presente caso, la prueba desfilada no nos convenció de que se cumplió cabalmente con el acuerdo asumido durante la inspección. Es pertinente señalar, que, a tenor con el contrato suscrito entre las partes, la responsabilidad de obtener las certificaciones eléctricas, los permisos, la instalación e interconexión con la AEE (medición neta), era de la parte coquerellada Sun Air Photovoltaic y/o Carlos A. Cáceres Maury. A base de lo antes expresado, este Departamento debe ordenar a la parte coquerellada Sun Air Photovoltaic, LLC. culminar con las gestiones antes mencionadas, con la debida cooperación que a esos efectos la parte querellante deberá brindarle.

La parte querellada deberá, además, entregar a la parte querellante los dos tanques de gas y la placa solar faltante.

Una vez se finalice el proceso de interconexión con la AEE y de medición neta, el Departamento llevará a cabo una inspección para determinar si el equipo instalado por la querellada está funcionando satisfactoriamente. Si el equipo funciona satisfactoriamente, el Departamento procederá al cierre y archivo de la querella. De determinar el Departamento que el equipo no está funcionando satisfactoriamente, se decretará la resolución del contrato de compraventa, y la parte querellada deberá reembolsar a la parte querellante las cuantías pagadas a la Cooperativa y saldar el balance del contrato financiamiento, que a esos efectos deberá certificar la Cooperativa.

En cuanto a la coquerellada Sun Air Photovoltaic, LLC., dicha entidad fue cancelada en diciembre de 2019, por no rendir sus informes anuales ante el Departamento de Estado, pero no surge del Registro de Corporaciones que dicha entidad haya comenzado el proceso de disolución de la corporación. Por tal razón, procede imponerle responsabilidad a dicha entidad.

Inconforme, el 20 de febrero de 2024, Sunair Photovoltaic incoó una *Moción Solicitando Enmiendas y Determinaciones Adicionales de Hechos y Determinaciones de Derecho, y Reconsideración.* Transcurrido el término de rigor, sin que la agencia recurrida actuara sobre su petitorio, Sunair Photovoltaic acude ante nos y señala que el DACo cometió los siguientes errores:

Erró el Departamento de Asuntos del Consumidor al apreciar la prueba y al omitir hacer determinaciones de hechos adicionales.

Erró el Departamento de Asuntos del Consumidor al no acoger enmiendas a las determinaciones de hechos según solicitadas.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho…". Ante ello, prescindimos de la comparecencia de los recurridos.

**II.**

**A.**

La *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley Núm. 201–2003, según enmendada, 4 LPRA sec. 24 *et.*

*seq.,* instituye la facultad revisora del Tribunal de Apelaciones. En asuntos de índole administrativo, dicha Ley nos circunscribe a examinar órdenes o resoluciones finales. Particularmente, el Artículo 4.006 (c), 4 LPRA sec. 24y de la Ley Núm. 201–2003, dispone que el Tribunal de Apelaciones conocerá de los siguientes asuntos:

[...]

"[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, **de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas** ..." (Énfasis nuestro).

[...]

Cónsono con lo anterior, la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 56, dispone que nuestra jurisdicción revisora se limita a determinaciones administrativas de carácter final. También la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38 del 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.*, establece que una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. Asimismo, dicha Sección expone, en lo pertinente:

[...]

**Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente.** La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. (Énfasis nuestro).

La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa sea ésta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de este capítulo.

Una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia; les pone fin, sin dejar pendiente una para ser decidida en el futuro. Es decir, es aquella que dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes. Esta culmina en forma final el procedimiento administrativo respecto a todas las controversias. *Comisionado Seguros v. Universal*, 167 DPR 21, 29-30 (2006).

Ahora bien, una situación clara de falta de jurisdicción de la agencia es una excepción a la norma de que sólo serán revisables ante el Tribunal de Apelaciones las resoluciones finales de una agencia administrativa. *Íd.*, citando a *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483 (1997). Véase, además, *Procuradora Paciente v. MCS*, 163 DPR 21 (2004) y la Sección 4.3 de la LPAU, 3 LPRA sec. 9673. No obstante, en *Comisionado Seguros v. Universal*, supra, págs. 30-31, el Tribunal Supremo de Puerto Rico aclaró lo siguiente:

> [N]o toda alegación de ausencia de jurisdicción va a tener el efecto de liberar a la parte de culminar sus gestiones en la agencia" ni implicará una aplicación automática de la excepción. Sólo en aquellos casos en los que la agencia administrativa carece realmente de jurisdicción, el proceso administrativo se convierte en final por no quedar asuntos o controversias pendientes de dilucidar por la agencia; sólo entonces sería revisable por el Tribunal de Apelaciones.

**B.**

Como es sabido, los tribunales deben ser guardianes celosos de su jurisdicción. Este asunto debe ser resuelto con preferencia, pues la falta de jurisdicción no es susceptible de ser subsanada. El foro judicial carece de discreción para asumir jurisdicción donde no la hay. Si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Hernández Colón v. Policía de Puerto Rico*, 177 DPR 121,

135 (2009); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

**III.**

Analizado el expediente con detenimiento, colegimos que carecemos de jurisdicción para ejercer nuestra facultad revisora en la presente causa. Nótese que, a través del pronunciamiento recurrido, el DACo no dilucidó, ni adjudicó derechos, obligaciones o privilegios de clase alguna. Mediante esta, el DACo condicionó la querella presentada por los recurridos a ciertos trámites que debían realizarse, incluyendo, pero sin limitarse a gestiones para obtener las certificaciones eléctricas y los permisos correspondientes, así como el proceso de interconexión del equipo objeto de la querella con la AEE o Luma. De la *Resolución* objetada resulta evidente que no estamos ante un caso claro de falta de jurisdicción de la agencia.

Por ende, dicho dictamen no es uno final, sino interlocutorio. Cualquier intervención de nuestra parte en esta etapa de los procedimientos sería inadecuada, toda vez que aun la agencia administrativa no ha adjudicado finalmente la querella instada por los recurridos. Por ende, la determinación del DACo no es ejecutable. Recordemos que nuestra función revisora solo procede ante determinaciones administrativas de carácter final.

En fin, toda vez que el recurso de referencia no versa sobre una resolución final del DACo, carecemos de jurisdicción para intervenir y adjudicarlo en los méritos. Una vez la agencia tome su determinación final, las partes podrán recurrir ante este Foro mediante recurso de revisión judicial, de entenderlo necesario. Según dispone la Sec. 4.2 de la LPAU, *supra,* la disposición interlocutoria del DACo podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final.

**IV.**

Por las consideraciones que anteceden, desestimamos el recurso de revisión judicial de epígrafe por falta de jurisdicción. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C). Se devuelve el caso al DACo para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones