ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CARLOS L. GONZÁLEZ RIVERA<br><br>RECURRENTE<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>RECURRIDO | KLRA202400658 | *Revisión Administrativa* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso núm.: 89221<br><br>Sobre:<br>No concesión del privilegio de libertad bajo palabra |
| --- | --- | --- |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez

Ortiz Flores**,** Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Comparece ante nosotros, por derecho propio, el Sr. Carlos L. González Rivera (Sr. González Rivera; recurrente) mediante el recurso de revisión judicial de epígrafe y nos solicita que revoquemos la *Resolución* de la Junta de Libertad Bajo Palabra (Junta; recurrida) dictada el 2 de agosto de 2024 y archivada en autos el día 11 de agosto de 2024. En el referido dictamen, la Junta se declaró sin jurisdicción para atender la solicitud del recurrente sobre la concesión del privilegio de libertad bajo palabra.

Por los fundamentos que expondremos a continuación, se confirma el dictamen administrativo recurrido.

**I**

El Sr. González Rivera se encuentra confinado en la Institución Correccional Bayamón 501. Extingue una condena de setenta y nueve (79) años y seis (6) meses por los delitos de escalamiento agravado,

robo, secuestro, secuestro agravado, violación e infracciones a la Ley de Armas.[1]

En lo pertinente al caso de epígrafe, el 27 de noviembre de 2023, González Rivera acudió ante este Tribunal de Apelaciones en el caso KLRA202300607.[2] En esa ocasión, el Sr. González Rivera nos solicitó que revocáramos la determinación de la Junta dictada el 11 de julio del 2023, mediante la cual se resolvió no concederle el privilegio al recurrente. Sin embargo, desestimamos el recurso por falta de jurisdicción ante su presentación tardía.

Posteriormente, el recurrente volvió a solicitar a la Junta la concesión del privilegio de libertad bajo palabra. Así las cosas, el 2 de agosto de 2024, la Junta emitió una *Resolución* en la cual, por virtud de la Sección 3 de la Ley Núm. 85-2024, *infra*, resolvió que carecía de jurisdicción para atender la solicitud del Sr. González Rivera;[3] esto debido a que este había sido convicto por los delitos de secuestro, secuestro agravado y violación.

El 10 de octubre de 2024, González Rivera presentó una *Petición de Reconsideración* ante la Junta.[4] En esencia, señaló que la Sección 3 de la Ley Núm. 85-2024, *infra*, era inconstitucional por aplicarse de manera retroactiva, violentando así la protección constitucional contra leyes *ex post facto*. No obstante, según surge del escrito del recurrente, la Junta rechazó de plano dicha *Petición de Reconsideración*.

Inconforme, el 27 de noviembre de 2024, el Sr. González Rivera acudió ante este Tribunal de Apelaciones a través del recurso de revisión judicial que aquí nos ocupa. A través de este le imputó a la Junta la comisión de los siguientes errores:

> **PRIMER ERROR**: ERRÓ EL ESTADO Y LA JUNTA DE LIBERTAD BAJO PALABRA, AL APLICAR DE MANERA RETROACTIVAMENTE EL ESTATUTO DE UNA LEY CIVIL COMO LO ES LA LEY NÚM. 85-2024, PARA PERJUDICAR LOS DERECHO[S] ADQUIRIDOS AL AMPARO DE UNA LEGISLACIÓN ANTERIOR LEY NÚM. 85-2022.

---

[1] Véase, Apéndice del recurso, Anejos 1 al 7.
[2] Véase KLRA202300607.
[3] Apéndice del recurso, Anejo 9.
[4] Apéndice del recurso, Anejo 10.

**SEGUNDO ERROR:** ERRÓ EL ESTADO Y LA JUNTA DE LIBERTAD BAJO PALABRA, AL APLICAR DE MANERA RETROACTIVAMENTE UN ESTATUTO DE LEY CIVIL O CRIMINAL, COMO LO ES LA LEY NÚM. 85-2024 QUE SE RELACIONA CON LOS DELITOS Y CONVICCIONES O SUS CONSECUENCIAS Y HACE MÁS ONEROSAS Y ALARGA LAS PENAS QUE HA DE CUMPLIRSE, QUE LA LEY ANTERIOR LEY NÚM. 85-2022, DEBIDO A QUE EXCLUYE AL RECURRENTE DE LA POSIBILIDAD DE SER ELEGIDO AL PRIVILEGIO DE LIBERTAD BAJO PALABRA Y TIENE EL EFECTO INEQUIVOCADO DE PERJUDICARLO, SU APLICACIÓN RESULTA EN UNA INCONSTITUCIONALIDAD PROHIBIDA POR LAS CONSTITUCIONES DE ESTADOS UNIDOS Y PUERTO RICO.

Analizado el recurso, acordamos prescindir del escrito de la parte recurrida "con el propósito de lograr [el] más justo y eficiente despacho", según nos faculta la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

## II

## A.

La revisión judicial de las determinaciones finales administrativas por este tribunal se realiza al amparo de la Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.*, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU). El precitado estatuto dispone que la revisión judicial se circunscribirá a evaluar lo siguiente: (1) si el remedio concedido por la agencia es el adecuado; (2) si las determinaciones de hechos están sostenidas por la evidencia sustancial que surge de la totalidad de expediente y; (3) si las conclusiones de derecho son correctas, para cuyo escrutinio el foro revisor no tiene limitación alguna. Sección 4.5 de la LPAU, 3 LPRA sec. 9675; *Reyes Salcedo v. Policía de P.R.*, 143 DPR 85, 93 (1997), que cita a D. Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Colombia, FORUM, 2013, pág. 688.

Al ejercer nuestra función revisora, el Tribunal Supremo ha reiterado que las conclusiones e interpretaciones de las agencias administrativas merecen una amplia deferencia judicial "ya que éstas

poseen una vasta experiencia y un conocimiento especializado sobre los asuntos que por ley se les ha delegado." *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 186 (2009). Por tanto, se establece una presunción de legalidad y corrección a favor de las agencias administrativas. De tal forma, los tribunales debemos respetarlas "a menos que la parte recurrente establezca que hay evidencia suficiente en el expediente administrativo para demostrar que la agencia no actuó razonablemente." *Borschow Hosp. v. Jta. de Planificación*, 177 DPR 545, 566 (2009), que cita a *Hatillo Cash & Carry v. A.R.Pe.*, 173 DPR 934 (2008); *Otero v. Toyota*, 163 DPR 716 (2005); *Rivera Concepción v. A.R.Pe.*, 152 DPR 116 (2000). De otro modo, "los tribunales no [debemos] intervenir o alterar las determinaciones de hechos de un organismo administrativo 'si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad'." *Otero v. Toyota*, *supra*, págs. 727-728, que cita a *Pacheco v. Estancias*, 160 DPR 409 (2003).

Las determinaciones de hechos del ente administrativo se sostendrán si se basan en la evidencia sustancial que obra en el expediente, considerado en su totalidad. De otro lado, las conclusiones de derecho serán revisables en todos sus aspectos por el foro revisor. Los tribunales, como conocedores del derecho, no tienen que dar deferencia a las interpretaciones de derecho que hacen las agencias administrativas. *Olmo Nolasco v. Del Valle Torruella*, 175 DPR 464, 469-470 (2009). No obstante, los tribunales no pueden descartar liberalmente las conclusiones e interpretaciones de la agencia. Incluso, en los casos dudosos, y aun cuando pueda haber una interpretación distinta de las leyes y reglamentos que administran, "la determinación de la agencia merece deferencia sustancial*". JP, Plaza Santa Isabel v. Cordero Badillo, supra*, pág. 187.

Cónsono con la normativa antes citada, nuestro examen revisor consiste en evaluar si la determinación impugnada es razonable y si se

ajusta a la evidencia sustancial contenida en el expediente administrativo; o, por el contrario, si la decisión de la recurrida constituye un abuso de discreción por su arbitrariedad e irracionabilidad.

Es pertinente señalar que es un "principio rector que meras alegaciones y teorías, como tampoco argumentos forenses, constituyen prueba". *Pereira Suárez v. Jta. Dir Cond.*, 182 DPR 485, 509 (2011), que cita con aprobación a *Alberty v. Bco. Gub. de Fomento*, 149 DPR 655 (1999); *Pueblo v. Amparo*, 146 DPR 467, esc. 1 (1998); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994); *Ramos, Escobales v. García, González*, 134 DPR 969 (1993).

Es decir, las alegaciones o teorías por sí solas no constituyen evidencia, sino que la parte promovente de una acción tiene la obligación de presentar evidencia que sustente sus alegaciones. El Alto Foro ha indicado que este principio aplica también a los procedimientos administrativos. *Id.*, pág. 510.

**B.**

La jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir los casos que se someten ante su consideración. *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393 (2012). En ese sentido, las agencias no pueden asumir jurisdicción donde no la hay. *Ayala Hernández v. Consejo Titulares*, 190 DPR 547, 559 (2014). Es decir, "una agencia administrativa no puede asumir jurisdicción sobre una actividad, materia o conducta cuando no está claramente autorizada por ley para ello". *DACo v. AFSCME*, 185 DPR 1, 12 (2012). Esto debido a que las agencias son criaturas creadas por una ley habilitadora que le delega los poderes necesarios para actuar en conformidad con el propósito legislativo. *Ayala Hernández v. Consejo Titulares, supra*, pág. 559; *López Nieves v. Méndez Torres*, 178 DPR 803 (2010). Así pues, es mediante la ley habilitadora que podemos determinar, ya sea mediante adjudicación o reglamentación, los derechos y obligaciones de quienes están sujetos a su ámbito de acción. D.

Fernández Quiñones, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Bogotá, Ed. Forum, 2013, págs. 35–36.

El Tribunal Supremo de Puerto Rico ha señalado que, si la agencia no tiene jurisdicción, su actuación es *ultra vires* y, por ende, nula. *J. Exam. Tec. Med. v. Elias et al.*, 144 DPR 483, 492 (1997*)* De igual modo, "cuando se trata de un caso claro de falta de jurisdicción, el asunto es enteramente de la competencia judicial [...]." J*. Exam. Tec. Méd. v. Elías et al.*, *supra*, pág. 492; *AAA v. UIA*, 200 DPR 903, 917 (2018).

**C.**

La Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1501 *et. seq.* (Ley Núm. 118), según enmendada, creó la Junta de Libertad Bajo Palabra, adscrita al Departamento de Corrección y Rehabilitación. El referido estatuto le confiere autoridad a la Junta para decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico. Artículo 3 de la Ley Núm. 118, 4 LPRA sec. 1503. No obstante, la Ley Núm. 8 establece lo siguiente:

> [L]as personas convictas por los delitos de agresión sexual en todas sus modalidades, incluyendo la tentativa, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los códigos penales de 1974, 2004, y 2012. Artículo 3 (a) (5) (a) de la Ley Núm. 8, *supra*.

El párrafo anterior fue introducido a la Ley Núm. 8, *supra*, mediante enmienda. Ley Núm. 85-2024. Según la Exposición de Motivos de la Ley Núm. 85-2024, la enmienda surge debido al incremento en los casos de maltrato a la mujer. Por tanto, el propósito de esta ley es excluir de la jurisdicción de la Junta, los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas. De este modo, los convictos por este tipo de delitos no podrán beneficiarse

del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del delito.

**III**

En esencia, el recurrente plantea que incidió la recurrida al aplicar de manera retroactiva el Artículo 3 (a) (5) (a) de la Ley Núm. 8, *supra*, el cual fue introducido mediante enmienda a través de la Ley Núm. 85 de 2024, y que excluye de la jurisdicción de la Junta los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas.

Como bien señalamos previamente, las agencias administrativas son criaturas de la ley habilitadora que las crea. *Ayala Hernández v. Consejo Titulares*, *supra*. Por tanto, estas solo podrán asumir jurisdicción sobre una actividad, materia o conducta autorizada por ley para ello. *DACo v. AFSCME*, *supra*. De lo contrario, su actuación seria *ultra vires* y, por tanto, improcedente en derecho. *J. Exam. Tec. Med. v. Elias et al*, *supra*.

En este caso, el Sr. González Rivera está extinguiendo una pena por los delitos de escalamiento agravado, robo, secuestro, secuestro agravado, violación e infracciones a la Ley de Armas. Ciertamente, las personas convictas por los delitos de secuestro y violación quedaron excluidos de la jurisdicción de la Junta. Así pues, la Junta al denegar la solicitud del Sr. González Rivera, actuó de forma razonable, pues su ley habilitadora la excluye de atender los casos del recurrente. Lo contrario es actuar de manera contraria a derecho. Además, debemos señalar que las agencias administrativas no pueden dilucidar la constitucionalidad de la ley que las crea. *First Fed. Savs. v. Asoc. de Condómines*, 114 DPR 426 (1983).

De igual forma, se ha reiterado que es política judicial el decretar la inconstitucionalidad de una ley sólo cuando ello sea indispensable, por lo

que no se entrará a considerar la inconstitucionalidad de una ley o de una actuación a menos que ello sea imprescindible para resolver la controversia ante su consideración. *Pueblo v. Negrón Caldero*, 157 DPR 413, 426 (2002); *Pueblo v. Marrero*, 79 DPR 649, 652 (1956); *Mari Bras v. Alcaide*, 100 DPR 506, 513 (1972); *Molina v. C.R.U.V.*, 114 DPR 295, 297 (1983).

Colegimos que, en el caso ante nuestra consideración, el recurrente no derrotó la presunción de corrección que acarrea la decisión administrativa. En virtud de la deferencia que debemos al foro administrativo, resolvemos que procede confirmar la *Resolución* recurrida.

**IV**

Por los fundamentos que anteceden, se confirma el dictamen administrativo recurrido.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones