```
ESTADO LIBRE ASOCIADO DE PUERTO RICO
         TRIBUNAL DE APELACIONES
              PANEL III
```

| | | |
|---|---|---|
| JUNTA DE PLANIFICACIÓN<br><br>Recurrida<br><br>V.<br><br>JORGE ORLANDO RODRÍGUEZ CINTRÓN Y/O CINTHYA AYALA CALDERÓN<br><br>Recurrente | KLRA202500015 | Revisión Administrativa procedente de la Junta de Planificación de Puerto Rico<br><br><br>Núm. De Querella: 2019-SRQ-004981 |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán**, **Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 21 de febrero de 2025.

Comparecen el señor Jorge Orlando Rodríguez Cintrón y la señora Cynthia Ayala Calderón, en adelante los recurrentes, quienes solicitan que revoquemos la *Resolución* dictada por la Junta de Planificación de Puerto Rico, en adelante la Junta de Planificación o la recurrida, el 2 de octubre de 2024. Mediante la misma, la recurrida le impuso dos multas, una, por falta de permiso para la operación comercial y, otra, por ausencia de permiso de construcción.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

-I-

Según surge de la copia certificada del expediente administrativo, el **18 de febrero de 2020** la Junta de Planificación presentó la querella número 2019-SRQ-004981.[1] En virtud de la misma, la recurrida les imputó a los recurrentes dos violaciones a la

---

[1] Copia certificada del expediente administrativo.

Número Identificador

SEN2025_____

reglamentación correspondiente por carecer de permiso de construcción para ampliar un inmueble y de permiso de uso de una cocina comercial.[2]

Aproximadamente, 4 años después, es decir, el **26 de febrero de 2024**, la recurrida emitió una *Notificación de Hallazgo(s) y Orden de Mostrar Causa*, en la que concedió un término de 20 días a los recurrentes para, entre otras cosas, mostrar causa por la cual no debía imponer una multa de $700.00, por la ausencia de permiso de uso y otra de $1,000.00, por la ausencia de permiso de construcción.[3]

Oportunamente, los recurrentes presentaron una *Moción Asumiendo Representación Legal, en Cumplimiento de Orden y en Solicitud de Vista Administrativa o Solicitud de Reconsideración con Relación a Notificación de Hallazgos y Orden de Mostrar Causa*.[4] Adujeron que por haber tardado 4 años el proceso investigativo, la *Notificación de Hallazgo(s) y Orden de Mostrar Causa* es contraria a la Sección 11.2.4.3 del Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, en adelante Reglamento Conjunto de 2019.[5] Arguyeron, además, que lo anterior violentaba, entre otros derechos, su debido proceso de ley. Del mismo modo, solicitaron que se dejaran sin efecto tanto la *Notificación de Hallazgos…* como las multas. Los recurrentes coligieron que era necesaria la celebración de una vista administrativa.

---

[2] Apéndice de los recurrentes, págs. 19-20.
[3] *Id.*, págs. 3-8.
[4] *Id.*, págs. 10-14.
[5] Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, Reglamento Núm. JP-RP-38 de 7 de mayo de 2019, Sec. 11.2.4.3, pág. 645.

Luego de que un agente de la Junta de Planificación realizó una inspección del inmueble objeto de la *Querella*, el **2 de octubre de 2024**, la recurrida emitió una *Resolución* en la que impuso a los recurrentes una multa de $700.00, por falta de permiso para la operación comercial, y otra de $1,000.00, por ausencia de permiso de construcción. Determinó que aquellos no presentaron prueba en apoyo de sus alegaciones.[6]

En desacuerdo, los recurrentes presentaron una *Solicitud de Reconsideración*.[7] Alegaron que procede desestimar la *Querella* porque la Junta de Planificación demoró 5 años en emitir una *Resolución*, desde que se presentó la *Querella*. A su entender, ello violenta tanto la *Ley de Procedimiento Administrativo Uniforme*, en adelante Ley Núm. 38-2017, y su derecho al debido proceso de ley en su modalidad procesal.

Por su parte, la recurrida declaró no ha lugar la reconsideración y, en lo pertinente, estableció que el término de 60 días para emitir hallazgos y recomendaciones "no es un término jurisdiccional y su incumplimiento no constituye una violación al debido proceso de ley".[8] Por el contrario, el término es directivo. Además, el Tribunal Supremo de Puerto Rico ha resuelto que, transcurrido el término de seis meses para adjudicar una reclamación, la parte tiene la facultad para presentar un recurso de *mandamus* para ordenar al órgano administrativo emitir una decisión.

---

[6] *Id*., págs. 19-26.
[7] *Id*., págs. 29-33.
[8] *Id*., págs. 35-42.

Aun inconforme, los recurrentes comparecen ante este foro apelativo y alegan la comisión del siguiente error:

> ERRÓ LA JUNTA DE PLANIFICACIÓN DE PUERTO RICO AL NO DESESTIMAR LA QUERELLA DEL CASO DE EPÍGRAFE, YA QUE DEMORARON 5 AÑOS; ES DECIR, 60 MESES; ES DECIR 1,825 DÍAS PARA DICTAR UNA RESOLUCIÓN DESDE PRESENTADA LA QUERELLA EN CONTRA DE LA PARTE RECURRENTE.

Luego de revisar los escritos de las partes, la copia certificada del expediente administrativo y los documentos que obran en autos, estamos en posición de resolver.

## -II-

### A.

La revisión judicial de las decisiones administrativas tiene como fin primordial delimitar la discreción de las agencias, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable.[9] A esos efectos, la revisión judicial comprende tres aspectos, a saber: 1) la concesión del remedio apropiado; 2) la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial; y 3) la revisión completa y absoluta de las conclusiones de derecho del organismo administrativo.[10] Además, el tribunal debe determinar si la agencia, en el caso particular, actuó arbitraria o ilegalmente, o de manera tan irrazonable que su actuación constituyó un abuso de discreción.[11]

---

[9] *Fuentes Bonilla v. ELA,* 200 DPR 364 (2018) (Sentencia); *Rodríguez Ocasio et al. v. ACAA,* 197 DPR 852, 860 (2017); *Unlimited v. Mun. de Guaynabo,* 183 DPR 947, 965 (2011); *Empresas Ferrer v. ARPe,* 172 DPR 254, 264 (2007).
[10] *Rodríguez Ocasio et al. v. ACAA, supra,* págs. 860-861; *Batista, Nobbe v. Jta. Directores,* 185 DPR 206, 217 (2012); *Padín Medina v. Adm. Sist. Retiro,* 171 DPR 950, 960 (2007).
[11] *Batista, Nobbe v. Jta. Directores, supra,* pág. 216; *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 187 (2009); *Rivera Concepción v. ARPe,* 152 DPR 116, 122 (2000).

En cuanto a las conclusiones de derecho, estas pueden ser revisadas en todos sus aspectos.[12] Sin embargo, esto no implica que los tribunales gocen de libertad absoluta para descartarlas.[13] Por el contrario, al revisar las conclusiones de derecho de una agencia administrativa, los tribunales tienen que examinar la totalidad del expediente y determinar si la interpretación es un ejercicio razonable de la discreción administrativa basado en la pericia particular, en consideraciones de política pública o en la apreciación de la prueba.[14] Rebasado dicho umbral, solo procede sustituir el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa.[15]

En síntesis,

> Al revisar las interpretaciones y conclusiones administrativas, el tribunal debe hacer una evaluación independiente sobre la aplicación del derecho a los hechos que la agencia estimó pertinentes. Confrontado con un resultado distinto del obtenido por la agencia, el tribunal debe determinar si la divergencia responde un ejercicio razonable de la discreción administrativa fundamentado, por ejemplo, en una pericia particular, consideraciones de política pública, o la apreciación de la prueba que tuvo ante su consideración. El tribunal podrá sustituir el criterio de la agencia por el propio sólo cuando no pueda hallar una base racional para explicar la decisión administrativa.[16]

**B.**

La Ley Núm. 38-2017 "[e]stablece un procedimiento uniforme de revisión judicial a la acción tomada por

---

[12] *Capó Cruz v. Junta de Planificación,* 165 DPR 156, 591 (2005); *Otero v. Toyota*, 163 DPR 716, 729 (2005). Véase, además*, Super Asphalt v. Autoridad para el Financiamiento,* 206 DPR 803, 820 (2021).
[13] *Id.*
[14] *Otero v. Toyota, supra*, pág. 729; *Misión Ind. PR v. JP.*, 146 DPR 64, 134-135 (1998).
[15] *Capó Cruz v. Junta de Planificación, supra,* pág. 591.
[16] *Misión Ind. PR v. JP, supra.*

una agencia de Gobierno al adoptar un reglamento o al adjudicar un caso".[17]

La presentación de las querellas acarrea el inicio de un proceso investigativo para la eventual adjudicación del caso. Así pues, las agencias cuentan con un término de 90 días para emitir una orden o resolución final, "después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada".[18]

Sin embargo, "[t]odo caso sometido a un procedimiento adjudicativo ante una agencia deberá ser resuelto dentro de un término de seis (6) meses, desde su radicación, salvo en circunstancias excepcionales".[19]

Al respecto, el Tribunal Supremo de Puerto Rico ha establecido que "[s]i el término para que la agencia emita su decisión final puede ser extendido con el consentimiento de las partes o por causa justificada, [es decir], los términos pueden ser prorrogados, su mandato tiene que ser considerado como directivo, ya que los términos jurisdiccionales no son prorrogables".[20] En todo caso, "el remedio judicial que tiene disponible una parte cuando una agencia no resuelve un caso dentro del término establecido por la L.P.A.U. es la presentación de un *mandamus*".[21]

---

[17] Exposición de motivos de la Ley Núm. 38-2017.
[18] Sec. 3.14 de la Ley Núm. 38-2017 (3 LPRA sec. 9644).
[19] Sec. 3.13(g) de la Ley Núm. 38-2017 (3 LPRA sec. 9653).
[20] *J. Exam. Téc. Méd. v. Elías et al.,* 144 DPR 483, 494-495 (1997).
[21] *Id.,* pág. 495.

**-III-**

Para los recurrentes, la Junta de Planificación violentó su debido proceso de ley, en la medida en que no solicitó su consentimiento escrito para extender los términos provistos por la Ley Núm. 38-2017, y por el Reglamento Conjunto de 2019. En su opinión, la recurrida no presentó una justificación por el tiempo excesivo de 5 años que tomó en emitir la *Resolución*, desde presentada la *Querella*. En consecuencia, procede revocar la *Resolución* y desestimar la querella, de modo que se dejen sin efecto las multas impuestas.

En cambio, la recurrida alega que el proceso investigativo no es equivalente a un procedimiento adjudicativo. De modo, que fue a partir de la *Notificación de Hallazgos y Orden para Mostrar Causa* que inició el procedimiento adjudicativo y comenzó a transcurrir el término directivo de seis meses para completarlo. Opina que, ante el incumplimiento de la agencia con el término directivo, los recurrentes debieron recurrir al Tribunal de Apelaciones mediante un recurso de *mandamus*.

Tiene razón. Veamos.

El tiempo transcurrido entre la radicación de la *Querella* y la *Notificación de Hallazgos…* es inconsecuente para adjudicar la controversia ante nuestra consideración.

El procedimiento adjudicativo comenzó el 27 de febrero de 2024 con la *Notificación de Hallazgos…* y es a partir de dicha fecha que comienza a transcurrir el término de 6 meses para adjudicar la *Querella*.

Un simple cómputo aritmético revela que la recurrida excedió el término por 7 meses y 5 días. Sin embargo, ello no constituye un defecto fatal. Como vimos, el término de 6 meses es directivo, no jurisdiccional y, por ende, su infracción no conlleva la privación de la jurisdicción de la agencia para resolver la *Querella*.

Como surge de la exposición normativa de la presente *Sentencia*, es norma reiterada que, en casos de dilación del trámite administrativo, las partes tienen disponible el recurso de *mandamus* para obligar a la agencia a cumplir con su deber ministerial.[22] Sin embargo, no surge del expediente administrativo que alguna de las partes haya invocado este recurso extraordinario para solicitar de la Junta de Planificación la adjudicación final de la controversia.

Aclarado lo anterior: ¿Procede confirmar la imposición de las multas por $700.00, por ausencia de permiso de operación comercial, y de $1,000.00, por falta de permiso de construcción? Contestamos en la afirmativa. Ello obedece, a que como los recurrentes limitaron su argumentación a la presunta "controversia jurisdiccional", –violación del "debido proceso de ley en su modalidad procesal" y de "los términos provistos por la Ley de Procedimiento [sic] Administrativo [sic] Uniforme"— no estableció que la resolución recurrida no está basada en evidencia sustancial que obra en el expediente.[23]

---

[22] *J. Exam. Téc. Méd. v. Elías et al., supra*, pág. 495.
[23] *Asoc. Vec. H. San Jorge v. Med. Corp.*, 150 DPR 70, 75 (2000).

**-IV-**

Por los fundamentos previamente expuestos, se confirma la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| JUNTA DE PLANIFICACIÓN Recurrida V. JORGE ORLANDO RODRÍGUEZ CINTRÓN Y/O CINTHYA AYALA CALDERÓN Recurrente | KLRA202500015 | Revisión Administrativa procedente de la Junta de Planificación de Puerto Rico Núm. De Querella: 2019-SRQ-004981 |
|---|---|---|

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez.

**VOTO CONCURRENTE DEL**
**HON. CARLOS G. SALGADO SCHWARZ**

En San Juan, Puerto Rico, a 21 de febrero de 2025.

Concurro con el resultado alcanzado por mis hermanos jueces, sin embargo, me veo en la obligación de expresar mi asombro y descontento con el argumento de la Junta de Planificación de que "ante el incumplimiento de la agencia con el término directivo, los recurrentes debieron recurrir al Tribunal de Apelaciones mediante un recurso de Mandamus".

Si bien es un mecanismo procesal disponible para la parte, y por tecnicismo jurídico casi milagroso no hubo una violación al debido proceso de Ley, este Juez entiende que es una desgracia legal el que una agencia que debe velar por el buen funcionamiento permisológico de nuestro país, con las consecuencias económicas que conlleva ese encargo, tarde cinco años desde la presentación de la querella hasta la resolución de la misma.

Número Identificador

SEN2025_____

Mencionar el término de cinco años sería simplificar cuan indignado podría estar un ciudadano de nuestro terruño, pero detallemos un poco el asunto:

| 10 de octubre de 2019 – | Querella presentada por la Sra. Norma Navarro a la Junta de Planificación. |
|---|---|
| 18 de febrero de 2020 – | Funcionario de la Junta de Planificación inspecciona la propiedad. |
| 27 de febrero de 2024 – | Notificación de Hallazgos y Orden para Mostrar Causa por la cual no deba imponerse una multa. |
| 2 de octubre de 2024[24] – | Se emite notificación final de imposición de multa. |

El ordenamiento administrativo supone la tramitación de unos servicios de forma eficiente y supuestamente rápida, con una pericia particular. Pero en este caso, ni eficiente, ni rápida.[25]

Eso, como poco, es incuria; como mucho, desidia. En una palabra, negligencia.

CARLOS G. SALGADO SCHWARZ
JUEZ DE APELACIONES

---

[24] Me disculpo, no fueron cinco años, fueron cuatro años, once meses, y veintidós días
[25] No hay excusas de desastres naturales ni pandemias mundiales que justifiquen esta dilación, en este caso ya se había inspeccionado la propiedad antes de que se ordenara el cierre de operaciones gubernamentales por la pandemia. El expediente estuvo marinando por cuatro años.